## ATLAS SUPPLY CO. v. BLAKE.

No. 5210. Opinion Filed October 19, 1915.

(152 Pac. 601.)

1.  **HOMESTEAD—Exemption—Persons Entitled—Tenant in Common.** A tenant in common may have a homestead, and is entitled to a homestead exemption, in lands held in common.

2.  **SAME—Improvements—"Material Used in Constructing Improvements."** In the absence of agreement to the contrary, an engine and water pump with necessary attachments, pipes, etc., used for irrigation purposes, when intentionally and permanently imbedded in and affixed to the land, become a part thereof, and, where the land is a homestead, constitute "material used in constructing improvements thereon" within the intent and meaning of section 2, art. 12, of the Constitution.

3.    **SAME—Debt for Improvements.** A debt for such improvements upon a homestead is privileged, being one of a class specifically excepted from the operation of the homestead exemption provision, which, when reduced to judgment in a proper court, may be enforced in the regular way by sale of the homestead under execution the same as if the exemption law had not been adopted.

(Syllabus by Bleakmore, C.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Action by the Atlas Supply Company, a corporation, against H. F. Blake. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

See, also, *Blake v. Atlas Supply Co.*, 51 Okla. 426, 152 Pac. 81.

*W. P. Z. German* and *Wm. T. Hutchings*, for plaintiff in error.

*David A. Kline* and *Chas. P. Gotwals*, for defendant in error.

Opinion by BLEAKMORE, C. This case presents error from the district court of Muskogee county. The parties are here referred to as they appeared in the court below.

In October, 1909, defendant, who owned and with his family resided upon a five-acre tract of land, entered into a partnership agreement with one Abe Wolfenbarger, for the cultivation of said premises as a truck garden and for the maintenance of greenhouses thereon, pursuant to which he and his wife conveyed an undivided one-half interest in said land to the wife of said Wolfenbarger in trust for him (Wolfenbarger). Soon thereafter defendant and Wolfenbarger purchased from plaintiff a water pump and gasoline engine, with the necessary attachments, pipes, etc., which, intentionally, were permanently

imbedded in and affixed to the land by cement, and became a part thereof, and were employed for irrigation and spraying purposes in the use of the premises by the partnership. In November, 1910, plaintiff obtained judgment in a justice court against defendant and said Wolfenbarger upon an open account for the purchase price of said engine and pump. In June, 1911, the partnership was dissolved, and Wolfenbarger and his wife conveyed to defendant and his wife the undivided one-half interest they had acquired in said land. There was a five-room house upon the land, wherein defendant had continuously resided with his family as a home since October, 1909. In July, 1912, an abstract of the judgment rendered in the justice court was filed and docketed in the office of the clerk of the district court of Muskogee county, and in November thereafter execution was issued thereon and levied upon said land. Whereupon defendant moved to vacate and set aside the levy of said execution, for the reason that said property was his homestead, and therefore exempt from forced sale. Upon hearing, said motion was sustained, and plaintiff appeals.

The Constitution (article 12) provides:

"Section 1. The homestead of any family in this state, not within any city, town or village, shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner. * * *

"Sec. 2. The homestead of the family shall be, and is hereby protected from forced sale, for the payment of debts, except for the purchase money, * * * the taxes due thereon, or for work and material used in constructing improvements thereon. * * *

The trial court held, and correctly, as conceded by the parties, that defendant and Wolfenbarger were tenants in common of the land involved.

The established rule in many jurisdictions that a tenant in common may have a homestead, and is entitled to a homestead exemption, in land held in common (21 Cyc. 505, and cases cited) should, under our policy of liberally construing the exemption law so as to afford protection to a debtor and his family in the possession of a home, obtain in this state. Accordingly in the instant case the premises levied on constituted the homestead of the defendant at the time of the creation of the debt sued on, and ever since.

Speaking of section 2, art. 12, of the Constitution, *supra*, in *South Texas Lbr. Co. v. Epps*, 48 Okla. 372, 150 Pac. 164, this court said:

"It will be noted that section 2 provides that the homestead shall be exempt from forced sale for the collection of all debts except the four classes specifically mentioned, *viz.*, the purchase price, or a part thereof, taxes due thereon, the claim of the laborer, and the claim of the materialman."

A debt for improvements constructed upon a homestead is privileged, being one of a class specifically excepted from the operation of the homestead exemption law, which, when reduced to judgment in a proper court, may be enforced in the regular way by sale of the homestead under execution the same as if no exemption law had ever been adopted. In our opinion, the debt established by the judgment upon which the execution herein was issued and levied upon his homestead, and for which defendant was primarily liable, was for "material used in constructing improvements thereon," within the intent

and meaning of the Constitution. The engine, pump, pipes, etc., were so affixed to the land as to become a part thereof, thus constituting a betterment enhancing its value, and have been continuously employed by defendant in the use of said land to gain a livelihood for his family. It would be unconscionable to permit one occupying a homestead to purchase property peculiarly applicable to the use and purpose to which he has appropriated a portion of the land, affix the same to the soil so as to become a part thereof, and then repudiate the debt created thereby, and hold the realty thus benefited free of such debt. The purpose of the law is the conservation of family homes; but it is not contemplated thereby that a homestead may be acquired or improved and the property itself remain free from liability for debts incurred in its purchase or improvement, the spirit of the constitutional provision being that no one shall enjoy a homestead or improvement thereon against the just claims of creditors furnishing the same.

The levy of the execution being proper in other respects, it was error to quash the same upon the ground that the property levied on was exempt from sale as a homestead. The order of the trial court should be reversed, and the cause remanded, for further proceedings consistent with the views herein expressed.

By the Court: It is so ordered.