## CLINE v. PATTIN BROS. CO.

No. 6694.   Opinion Filed March 7, 1916.

(156 Pac. 167.)

1.   **MECHANICS' LIENS—Property Subject—Leasehold Estate.** By virtue of sections 3862, 3863, 3865, 3867, Rev. Laws 1910, a lien may be asserted and enforced against a leasehold estate for improvements placed thereon under contract with the owners of the leasehold.

2.   **SAME—Statement—Sufficiency.** The record examined, and it is held that the lien statement substantially complies with the statute, and the judgment of the court in overruling demurrer to petition is approved.

(Syllabus by Hooker, C.)

*Error from Superior Court, Tulsa County;*
*M. A. Breckenridge, Judge.*

Suit by the Pattin Bros. Company, a corporation, against M. E. Cline and others. From a judgment overruling a demurrer to plaintiff's petition the above named defendant brings error. Affirmed.

*J. J. Henderson,* for plaintiff in error.

*Lee Daniel,* for defendant in error.

Opinion by HOOKER, C.   On the 11th day of April, 1914, the defendant in error filed its petition in the superior court of Tulsa county against the plaintiff in error, M. E. Cline, and two others, for a judgment for debt and for foreclosure of a mechanic's lien. The substantial allegations of the petition are as follows:

First. That said defendants were and are now the owners of an oil and gas mining lease upon the N. E. ¼ of the N. W. ¼ of Sec. 26, Tp. 19 N., R. 12 E., in Tulsa county. Okla.

Second. That about the 15th day of September, 1913, it entered into an oral contract with M. E. Cline, M. Janowitz, and H. S. Janowitz, by which it was to furnish certain material and perform certain labor for said parties and each of them in the erection of certain machinery for the development of the oil and gas lease upon said premises, and that said defendants and each of them agreed to pay plaintiff the sum of $1,050 therefor.

Third. That it performed its contract and furnished said materials and performed said labor in accordance with the terms of said contract, and that said materials were accepted by said parties and used upon said premises for developing the same for oil and gas purposes, and that there remains due upon said contract the sum of $1,050, with interest.

Fourth. That said materials were last furnished under said contract on November 15, 1913, and that on the 7th day of February, 1914, and within four months from the date which said materials were last furnished and labor last performed, in order to obtain a lien upon the leasehold estate of said parties, it filed a verified statement in the office of the clerk of the superior court of Tulsa county, which statement contained the amount due it from said defendants for material furnished and labor performed, and also the name of the owner of said property, the name of the contractor, the description of the property upon which said labor was performed and material furnished, the name of the owner of the leasehold estate, and the name of claimant.

Fifth. That the contract for the performance of said services and the material so furnished was made directly with the owners of said leasehold estate, and that it has

performed all of the conditions of said contract, according to its terms, and that there is owing and due it $1,050 therefor.

Sixth. That considerable oil had been produced with said machinery, and in order to protect its interest it was compelled to foreclose its lien and to employ attorneys for that purpose.

Attached to the petition as a part thereof, is a copy of the mechanic's lien filed by the defendant in error in the superior court, which is in words and figures as follows:

"MECHANIC'S LIEN ATTACHED TO PLAINTIFF'S PETITION.

"State of Oklahoma, County of Tulsa—ss.:

"Mechanic's Lien.

"Know all men by these presents: That the Pattin Brothers Company, a corporation, under a contract with M. E. Cline, H. S. Janowitz and M. Janowitz, as owners of the leasehold estate hereinafter described, performed labor and furnished material for the erection of one gas engine, 25 H. P. No. 459, and one double eccentric power, No. 299, set on concrete foundations, including one 14x44 ft. galvanized iron house and one 10-inch, 6-ply rubber belt, and that there is now due to said contractor from said owners for such labor performed and materials furnished the sum of one thousand fifty ($1,050.00) dollars with interest thereon at the rate of six per cent. per annum from November 15, 1913, on the engine, engine house, concrete foundations and rubber belt, and that said contractor claims a lien on said leasehold estate, said engine, engine house, concrete foundation and rubber belt and the oil and gas wells located on said leasehold estate for the payment of said debt.

"And said contractor further states that it commenced to perform such labor and furnish such materials on or

about the 15th day of September, 1913, and thereafter continued to perform such labor and furnish materials until November 15, 1913, when the last labor was performed and materials furnished on said contract. That said contractor for the purpose of protecting and enforcing said lien on said real estate makes and files this statement. The amount claimed is $1,050.00 with interest thereon at the rate of six per cent. per annum from November 15, 1913, the names of the owners of the leasehold estate are M. E. Cline, H. S. Janowitz and M. Janowitz, the name of the contractor is the Pattin Brothers Company, a corporation, the name of the claimant herein is the Pattin Brothers Company, a Corporation, the description of the property on which the labor was performed and material furnished is as follows: N. E.¼ of N. W. ¼ of section 26, township 19 north, range 12 east, known as the Amos Davis farm, all situated in the county of Tulsa, State of Oklahoma. That the amount claimed and the items are set forth as nearly as practicable in the itemized statement hereto attached, marked 'Exhibit A' and hereby made a part hereof. That said sum is just, due and unpaid, and that the Pattin Brothers Company, a corporation, hereby claims a lien upon said leasehold estate and said gas engine No. 459, the double eccentric power No. 299, the concrete foundations, the 10-inch, 6-ply rubber belt, the 14x44 ft. Galvanized iron house, the casing, pumping appliances and all oil and gas wells and appurtenances thereon in the sum of one thousand fifty ($1,050.00) dollars with interest thereon at the rate of six per cent. per annum from November 15, 1913.

"PATTIN BROTHERS COMPANY.

"State of Oklahoma, County of Tulsa—ss.:

"J. W. Noland, of lawful age, being first duly sworn, upon oath deposes and says: That he is the duly authorized and acting agent and manager of the claimant above mentioned; that the president, vice president, secretary and treasurer, and other officers are absent from the county; that he has read the above and foregoing statement

of mecahnic's lien, knows the contents thereof, and that the name of the owner, the name of the contractor, the name of the claimant, the description of the property upon which the lien is claimed, and the items of account as herein set forth are just, true, correct, and unpaid.

"J. W. NOLAND.

"Subscribed and sworn to before me this 7th day of February, 1914.

"C. B. RANN, *Notary Public.*

"My commission expires February 24, 1917.

"Exhibit A.

"Pattin Brothers Company in Account with M. E. Cline, H. S. Janowitz, and M. Janowitz.

"Sept. 15, 1913, to Nov. 15, 1913. To performance of labor and furnishing materials for the erection of one gas engine 25 H. P. No. 459; 1 double eccentric power No. 299, set on concrete foundations; 1 44x14 ft. iron house, and 1 ten-inch, 6-ply rubber belt; complete plant as per contract, $1,050.00."

M. E. Cline alone demurred to this petition, which demurrer was by the court overruled, and the said M. E. Cline declined to plead further and appealed to this court. (The other two defendants made no appearance in said action although duly summoned.)

It is contended that the demurrer was improperly overruled by the court for the following reasons, to wit: First. Because the lien statement does not state that plaintiff furnished the material and performed the labor to and for the defendants in this action, nor to whom the material was furnished and labor performed, nor that the material was used on the premises described. Second. Because the lien statement does not state the names of the owners of the leasehold, nor connect them with the property and lands

described in its statement as leaseholders thereof. They say the description of the property on which the labor was performed and material furnished is as follows, and then describe the land without stating that this is the land on. which the leasehold is, nor does the lien statement show, in fact, that defendants have a lease on the land described,. or any land, or any facts sufficient to show any leasehold whatever.

We do not think that the position of plaintiff in error is tenable. Section 3863, Rev. Laws 1910, is as follows:

"*Statement to be Filed.*—Any person claiming a lien as aforesaid shall file in the office of the clerk of the district court of the county in which the land is situated a statement setting forth the amount claimed and the items thereof as nearly as practicable, the names of the owners, the contract and the claimant, and the description of the property subject to the lien, verified by affidavit.  *  *  * Such statement shall be filed within four months after the date upon which material was last furnished or labor last performed under contract as aforesaid."

By an examination of the statement filed in this action it is apparent that the statute was substantially complied with, as the statement sets forth the amount claimed, the name of the owner, the contractor, the claimant, and a description of the property subject to lien, verified by affidavit. Section 3865, Rev. Laws 1910, is as follows:

"*Lien on Oil or Gas Well for Labor or Supplies.*—Any person, corporation, or copartnership who shall, under contract, express or implied, with the owner of any leasehold for oil and gas purposes or the owner of any gas pipe line or oil pipe line, or with the trustee or agent of such owner, perform labor or furnish material, machinery and oil well supplies used in the digging, drilling, torpedoing, completing, operating, or repairing of any oil or gas well,

or who shall furnish any oil or gas well supplies or per-
form any labor in constructing or putting together any of
the machinery used in drilling, torpedoing, operating, com-
pleting or repairing of any gas well, shall have a lien upon
the whole of such leasehold, or oil pipe line or gas pipe
line, or lease for oil and gas purposes, the buildings and
appurtenances, and upon the material and supplies so fur-
nished and upon the oil or gas well for which they were
furnished, and upon all the other oil or gas wells, fixtures
and appliances used in the operating for oil and gas pur-
poses upon the leasehold for which said material and sup-
plies were furnished or labor performed.  Such liens shall
be preferred to all other liens or incumbrances which may
attach to or upon said leasehold for gas and oil purposes
and upon any oil or gas pipe line, or such oil and gas wells
and the material and machinery so furnished and the lease-
hold for oil and gas purposes and the fixtures and appli-
ances thereon subsequent to the commencement of or the
furnishing or putting up of any such machinery or sup-
plies."

And section 3867, Rev. Laws 1910, is as follows:

"*How Enforced.*—The liens herein created on gas and
oil property shall be enforced in the same manner, and
notice of the same shall be given in the same manner, and
the materialman's statement or the lien of any laborer
herein mentioned shall be filed in the same manner as is
provided for in this chapter for the enforcing of other
liens."

Construing these two sections together with sections
3862 and 3863, Rev. Laws 1910, we are of the opinion that
the trial court was correct in overruling a demurrer to the
petition in this case.

The lien statement filed was sufficient, in our judg-
ment, to give ample notice to every one of the amount
claimed and the property upon which said lien was claimed;

and, as the defendant in error substantially complied with the statute in preparing and filing said lien, it is entitled to enforce the same in the manner and form so sought to be done by it.

We therefore recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.