### RALLS et al. v. CAYLOR LUMBER CO.

No. 8426—Opinion Filed Feb. 12, 1918.

(171 Pac. 24.)

1. **Mechanics' Liens—Exempt Property—Homestead.**
Under the Constitution and laws of the state, the homestead of a family is not exempt from forced sale for labor and materials furnished and used in constructing improvements thereon, and one furnishing material to construct improvements on such homestead may perfect a lien therefor upon said homestead in the manner prescribed by statute, and enforce the same against said homestead in the same manner as if there were no homestead exemptions.

2. **Same—Materialman's Lien—Property of Wife—Joinder of Husband.**
Where a building contractor has a contract with the wife, the owner of the home-

stead, to erect improvements thereon, and one furnishes material to be used in the constructing of such improvements under an agreement with the contractor, it is not necessary for the husband to join in the contract for the improvements, nor is it necessary that the contract be made directly with the person furnishing the material.

(Syllabus by Pryor, C.)

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by the Caylor Lumber Company, a partnership consisting of Floyd Caylor and R. A. Caylor, against Eva A. Ralls and others. Judgment for plaintiff, foreclosing the materialmen's liens, and defendants bring error. Affirmed.

See, also, 67 Okla. 242, 162 Pac. 711.

. J. G. Ralls, for plaintiffs in error.

A. A. McDonald and A. M. Works, for defendant in error.

Opinion by PRYOR, C. This is an action commenced in the district court of Atoka county by Caylor Lumber Company, a partnership consisting of Floyd Caylor and R. A. Caylor, against Eva A. Ralls, J. G. Ralls and E. W. Steward, to foreclose a materialman's lien.

The parties will be referred to as they appeared in the trial court.

The facts, so far as necessary to the determination of the questions raised on appeal, are: That the defendants, Eva A. Ralls and J. G. Ralls were husband and wife, and occupied lot 3 of block 26 in the city of Atoka as their homestead; that the title of the lot was in the wife, Eva A. Ralls; that she entered into a contract with the defendant E. W. Steward to construct and erect a building upon said lot, the husband, J. G. Ralls, not joining with her in said contract. The plaintiff lumber company furnished the material to the said Steward for the construction of said building. The plaintiff in due time filed its materialman's lien and served notice thereof upon the defendant, Eva A. Ralls, but did not serve notice thereof upon her husband, J. G. Ralls, the amount of the lien claim being $1,192.55. There was a trial by the court and jury in said cause and a verdict and judgment for the plaintiff in the amount claimed and judgment for the foreclosure of the materialman's lien, from which judgment the defendants appeal.

The contentions urged by the defendants on appeal which merit consideration are as follows: First, that there can be no lien for material furnished for making improvements upon a homestead; second, that where persons are occupying premises as a home-

stead the title of which is in the wife, a lien for material which is used in making improvements on said property cannot be created unless the husband joins in the contract therefor, third, that the notice of filing the lien claim must be served on both the husband and wife; and, fourth, that under the laws of the state of Oklahoma, where by contract the contractor agrees with the owner to furnish all the material and labor, the person who furnishes material under contract with the contractor has no lien upon the premises on which the material was used in making improvements.

Section 2, art. 12, of the Constitution of the state protects the homestead of the family from forced sale for the payment of debts, "except for the purchase money therefor or a part of such purchase money; the taxes due thereon, or for work and material used in constructing improvements thereon," and in foreclosures to satisfy mortgages joined in by both husband and wife. The statute exempting the homestead from forced sale is practically identical with the provision of the Constitution. The claim of the plaintiff being for material furnished to be used in constructing improvements upon the homestead falls squarely within the provision of the Constitution excepting such claims from the homestead exemption. Under this provision it seems to be that there could be no reason in the contention that the homestead is not subject to the satisfaction of the claim for the material furnished by the plaintiff, but the defendants claim that the materialman has no lien upon the homestead, granting that the same is not exempted from sale for the debt created for material furnished to be used in constructing improvements thereon. While we have no cases of this court deciding this particular phase of the case, it seems that from the principles laid down in cases construing analogous questions, in regard to the homestead exemptions, that it may be justly drawn from such principles that the homestead, not being exempt for such claims, is subject to such claims, and the same remedies may be pursued in enforcing such claims as if there were no homestead exemption. Atlas Supply Co. v. Bake, 51 Okla. 778, 152 Pac. 601; Nichols v. Overacker, 16 Kan. 54.

In the case of Nichols v. Overacker, 16 Kan. 54, the Supreme Court of Kansas held, in construing the provision relative to homestead exemptions of the Constitution of that state similar to the provision in the Constitution of this state, that the enforcement of the obligations against the homestead which are within the exemptions of the provision protecting the homestead against forced sale are governed by the same rules as if there were no homestead exemptions.

Under the principles announced in the foregoing cases, and from the general principles of law, the only reasonable construction that can be placed upon the Constitution and statute is that the person who furnished the material to be used in making improvements upon the homestead has all the rights and remedies in the enforcement of his claim as if there were no homestead exemptions, and has the right to perfect his lien for material furnished and foreclose the same against the homestead just as he would against property that was not used and occupied as a homestead.

The defendants contend that there could be no lien created in favor of the materialman unless the contract for the improvements was joined in by both the husband and wife. It has been uniformly held by all the courts that a mortgage given by the spouse in whose name the title stands to secure the payment of the purchase is valid without the joining of the other spouse. There is no reason why the same principle should not apply to obligations for material furnished. The improvements which are created out of material furnished become as much a part of the homestead as the realty, and therefore the material furnished is a factor in creating the homestead by rendering it inhabitable. Hence the rights and remedies of the materialman are not inferior in the enforcement of his claim for material furnished to the rights and remedies of the vendor in enforcing payment of the purchase price.

And, further applying the principle announced above, that remedies for the enforcement of obligations which come within the exceptions of the provision of the law protecting the homestead against forced sale are the same in regard to other property, it is clear that the husband's joining in the contract for the improvements was not necessary. And the same reasons just stated answer the contention of the defendant that notice of the lien should be served upon the husband.

The contention of the defendants that the subcontractor or the person who furnished the material under contract with the contractor cannot have a lien upon the premises on which the improvements are made is answered fully by section 3864, Rev. Laws 1910, which expressly gives persons furnishing materials under a subcontract with the contractors liens upon the premises on which such materials are used in constructing im-

provements.

Therefore the judgment of the trial court should be affirmed.

By the Court: It is so ordered.