## SUTHERLAND LUMBER CO. v. GALE et al.

No. 18961.   Opinion Filed April 30, 1929.

234

McKeown & Green, for plaintiff in error.

Wimbish & Wimbish, for defendants and cross-petitioners in error.

LEACH, C. This action was commenced in the district court of Pontotoc county by O. R. Nance and C. H. Perry, as plaintiffs, against Lillie May Gale and Jack Gale, wife and husband, Sutherland Lumber Company, and the Farm & Home Savings & Loan Association, defendants, it being alleged by the plaintiffs that they performed labor in placing improvements upon a certain described lot in the city of Ada, the homestead of the defendants Gale, and at the owner's special request, that the amount due for such labor was $70, and a first lien therefor was claimed upon the described property and judgment prayed against the defendants Gale for the said sum and for judgment decreeing the same to be a lien against the property and for foreclosure of such lien, including reasonable attorney's fee in the sum of $35.

Sutherland Lumber Company filed its answer and cross-petition in the suit, alleging that it sold to Lillie May Gale and Jack Gale building material which was used in improving the homestead of said defendants; that the balance due for such material was $100, and a lien was claimed on the improvements and real estate for such sum, and a judgment was prayed therefor and for a lien and for recovery of $35 as attorney's fee for foreclosure of such lien.

The defendants Gale filed answer to the plaintiff's petition generally denying the allegations thereof, and further alleged that the labor was performed under a contract with one McKerracker, who contracted and agreed with the answering defendants to make certain improvements on the premises involved for a specified sum, which sum was paid in full to the contractor by the defendants after the work and improvements were completed. Further alleged as a defense that the plaintiff had filed no lien statement as provided by law, and that there was a misjoinder of parties in that the original contractor, McKerracker, had not been made a party to the suit as provided by law.

The defendants Gale filed answer to the cross-petition of the Sutherland Lumber Company, in which they generally denied the allegations of such cross-petition and pleaded that the company had not filed any lien or served notice thereof as provided by law, and had failed to bring the action within the time provided by law; alleged that the cross-petitioner filed its action for the purpose of intimidating the defendants and causing them expense, and prayed that they, the answering defendants, recover an attorney's fee as against the cross-petitioners for the sum of $35.

The cause was tried to the court, who entered judgment in favor of the plaintiffs, Nance and Perry, against the defendants Gale for the sums prayed for and decreed a lien therefor upon the property involved, but denied the claim and prayer of the Sutherland Lumber Company, cross-petitioner, and entered judgment against it in favor of the defendants Gale for an attorney's fee in the sum of $35.

The Sutherland Lumber Company filed its motion for a new trial, likewise the defendants Gale filed their motion for a new trial; both motions were denied, and the Sutherland Lumber Company brings this appeal as plaintiff in error, and the defendants Lillie May Gale and Jack Gale have filed herein their cross-petition in error, in which they complain of the action of the trial court in awarding judgment against them in favor of plaintiffs, Nance and Perry.

The several errors complained of by Suth-

erland Lumber Company may be considered under their assignment:

"That the findings, conclusions of law, and judgment are not supported by the evidence, and are contrary to the law and the evidence."

The lumber company contends that it contracted with and sold the material direct to the landowners, the Gales; that it brought its suit within four months from the date of furnishing the last material; and that it was unnecessary to file a lien statement therefor. As to its contention that it sold the material direct to the defendants Gale, the trial court found that such lumber and material was sold to and purchased by the contractor, McKerracker; that there was no original or privity of contract to purchase as between the defendants Gale and the lumber company; that the rights of the lumber company were controlled by the provision of section 7463, C. O. S. 1921, relating to a lien by a subcontractor. ·

We think the finding of the trial court that the material was sold to and furnished the contractor is reasonably supported by the record and is not against the clear weight of the evidence, and therefore the rights of the lumber company were those of a subcontractor. Had it filed its action to recover the balance due for material within 60 days after the date upon which the material was last furnished, then there would have been no necessity for filing a lien claim in addition thereto under the holding of this court in the case of Key v. Hill, 93 Okla. 64, 219 Pac. 308, and Peaceable Creek Coal Co. v. Jackson, 26 Okla. 1. 108 Pac. 409, but it failed to file either its action or lien statement within the period prescribed by section 7463, C. O. S. 1921.

It is contended, however, by the plaintiff in error, Sutherland Lumber Company, that, under the provisions of section 2, article 12 of the Constitution, it is not necessary to file a lien or to proceed under the provisions of statute relating to materialmen's lien in order to recover for materials furnished and used in improvements upon the homestead, and in support of such contention certain decisions from other jurisdictions are cited wherein it was held that the exemptions from sale and seizure of the homestead did not apply to materials and for work and labor in improving the homestead.

The following cases from this jurisdiction are referred to as supporting the contention: Ralls v. Taylor Lumber Co., 69 Okla. 170, 171 Pac. 24; Atlas Supply Co. v.

Blake, 51 Okla. 778, 152 Pac. 601; Holland v. Robbins, 92 Okla. 225, 219 Pac. 387; Kleindorfer v. Dascomb-Daniels Lbr. Co., 102 Okla. 60, 226 Pac. 354.

We find no authority in such cases, under the facts shown therein, to sustain a lien or permit enforcement thereof for materials furnished and used in improving a homestead except under the usual statutory method relating to materialmen, or by personal judgment against the home owner and the usual execution and levy thereunder. All of the Oklahoma cases cited show that the material was sold and furnished direct to the home owner, and a personal judgment was otained against him therefor and an execution and levy against the homestead was made and sustained.

It is said in the syllabus in the case of Kleindorfer v. Dascomb-Daniels Lbr. Co.:

"2. When the provisions of the materialman's lien statute are complied with, the lien attaches to the homestead, on which the material was used, from the time the material was furnished, but when no materialman's lien was created because of the failure to comply with the provisions of the statute, but a personal judgment for the amount due for the material used in constructing improvements on the homestead is obtained against the owner of the home-, stead, the lien attaches from the date of the judgment in the district court, subject to the superior intervening rights of third persons."

If the Sutherland Lumber Company, in the instant case, was not entitled to recover a personal judgment against the owner of the homestead, then it could not enforce any lien for the material furnished, except under the statutory method provided for a materialman. It would have no greater rights as against the homestead than it would have as against any other real estate for or upon which it furnished materials for improvements.

"2. A contractor agreeing to furnish material and construct an improvement for an agreed price is not the agent of the owner of the premises for the purchase of such material so as to bind the owner in favor of a materialman in absence of a compliance with the law relating to liens in favor of subcontractors." Holmes v. Dolese Bros. Co., 117 Okla. 298, 246 Pac. 372.

The plaintiff in error, Sutherland Lumber Company, further complains of the judgment of the trial court in allowing the defendants Gale an attorney's fee against it for the sum of $35, and says there was no evidence or proof made showing such sum

to be a reasonable attorney's fee. Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253.

The record discloses that the lumber company alleged $35 to be a reasonable attorney's fee for foreclosure of its asserted lien, and likewise the defendants Gale alleged $35 to be a reasonable attorney's fee for their defense as against the claim of the cross-petitioner, lumber company, and prayed judgment therefor.

An attorney was called as a witness by cross-petitioner, who testified that $50 would be a reasonable attorney's fee in the case for services rendered, as outlined by the attorney for cross-petitioner. The record contains the following statement by the court:

"Let the record show that the attorney for the defendants agree that $35 in a case of this kind is a reasonable attorney fee."

The agreement referred to by the court was no doubt understood by the attorney for cross-petitioner to relate only to the fee claimed by him as set forth in his affidavit in the record, but the trial court may have understood differently. It is not contended that the amount of the fee allowed is unreasonable.

We are of the opinion that there are sufficient facts and evidence shown in the record to justify and sustain the trial court in awarding the attorney's fee. and that such holding is not in conflict with the rule announced in Holland Banking Co. v. Dicks, supra.

We find no reversible error in the action and judgment of the trial court in denying the claim of the cross-petitioner, Sutherland Lumber Company, or in awarding the attorney's fee against it in defense of its alleged lien, and the judgment of the trial court to that extent is affirmed.

The defendants in error Gale in support of their cross-petition in error and referring to the judgment rendered against them in favor of plaintiffs, Nance and Perry, say:

"We are at a loss to understand how the court could render the judgment against us under the court's conclusions of law. * * * The court found Nance and Perry were subcontractors; that being the case, it was indispensable that they should have complied with section 7479, C. O. S. 1921. * * * The original contractor is a necessary party defendant in this kind of an action. * * * No personal judgment should have been rendered against the defendants."

And it is contended that the judgment in favor of Nance and Perry should be reversed and judgment entered for defendants. The trial court found that Nance and Perry were first employed by the contractor, McKerracker, but that they worked under the direction of both the contractor and the defendants Gale, and concluded as a matter of law that the plaintiffs, Nance and Perry, were entitled to a lien under and by virtue of section 7461, C. O. S. 1921; that the filing of their suit within 60 days from the date of rendering the work and labor was sufficient under the holding of Key v. Hill, supra; that the plaintiffs were, under the law, subcontractors, as provided by section 7463, C. O. S. 1921, but the court rendered a personal judgment in favor of the said plaintiffs and against the defendants Gale for the amount alleged to be due for labor, there apparently being no question as to the amount due, with attorney's fees, and decreed such amounts to be a lien against the property involved.

It appears from the record that the contractor employed the plaintiffs, Nance and Perry, to do repair carpenter work on the residence of the defendants Gale; that a portion of the work performed by them was covered by the contract between the contractor and the owner, while a portion was extra work not within such contract, and for which extra work the defendants, the owners, paid the carpenters the sum of $49, the amount they claimed they were liable for as extra labor, which left a balance due of $70. The finding of the trial court is not very clear, but it would appear it was the conclusion of the trial court that the plaintiffs. Nance and Perry, did not perform the work and labor, for which they claimed a lien, at the special instance and request of the property owners, but rather under employment by the contractor, and we think the record sustains such conclusion. If the plaintiffs, Nance and Perry, be entitled to a lien for their labor as a subcontractor, then they would not be entitled to a personal judgment therefor as against the defendants Gale, but against the contractor. and, in order to foreclose their lien, it is essential that the contractor be made a party to the suit as provided by section 7479, C. O. S. 1921, relating to enforcement of liens.

In the case of Alberti v. Moore, 20 Okla. 78, 93 Pac. 543, it is said in the syllabus:

"2. A subcontractor. materialman, or workman, between whom and the owner there is no privity of contract, and in whose favor no direct liability has been imposed upon the owner, is not entitled to a personal

judgment against the owner. The judgment rendered should be a personal one against the original contractor, and a decree establishing a lien and ordering the sale of the real estate or other property, as in other cases of sales of real estate."

—which holding was followed and referred to in the later cases of Eberle v. Drennan, 40 Okla. 59, 136 Pac. 162; and Union Bond & Inv. Co. v. Bernstein, 40 Okla. 527, 139 Pac. 974.

The syllabus in the case of New Home Lumber Co. v. Ryal, 56 Okla. 746, 156 Pac. 637, is:

"In an action by a subcontractor to enforce a materialman's lien, the original contractor is a necessary party defendant; but, if the sheriff's return shows that service of summons cannot be had upon such original contractor, the lien of the subcontractor can be enforced against the property, without obtaining a personal judgment against said original contractor."

See, also, Dolese Bros. Co. v. Andrecopulas, 113 Okla. 18, 237 Pac. 844; Harris v. Spurrier Lbr. Co., 130 Okla. 99, 265 Pac. 637.

There is testimony in the record to the effect that the contractor could not be located, but such evidence does not meet the requirement of statute that he be made a party to the action and summons issued for him.

"2. Where a contract is made for the erection of a building, the contract price for the erection thereof constitutes a fund from which the subcontractors and those furnishing material to or performing labor for them are to be paid for their material and labor, and it is the duty of the owner and principal contractor to see that such fund is properly distributed to the persons entitled thereto."—Hoggson Bros. v. Dickason-Goodman Lumber Co., 81 Okla. 31, 196 Pac. 686.

The entry of the personal judgment against the defendants Gale necessitates the reversal of the cause in so far as it relates to such judgment and the cross-appeal therefrom.

Under the facts in the instant case, the action having been commenced within time, we are of the opinion that the plaintiffs, Nance and Perry, are entitled to recover judgment and enforce a lien for the amount due them for labor, and if they desire to amend their pleadings and make the contractor, McKerracker, a party to the suit and endeavor to obtain service upon him as provided by section 7479, C. O. S. 1921, they should be accorded that privilege, and that equity and justice so warrant.

We find authority for so holding in the case of Eberle v. Drennan, supra, where this court said in the syllabus:

"11. On an action brought to enforce against the property liens claimed by subcontractors and materialmen, where the original contractor is not made a party, the judgment will not be reversed and rendered, but the case will be remanded to allow such original contractor to be made a party, and a new trial granted therein."

The judgment of the trial court, in so far as the same relates to the claim and action of the Sutherland Lumber Company, is affirmed, and the case is reversed and remanded in so far as the same relates to the judgment and action in favor of the plaintiffs, Nance and Perry, with directions to grant the defendants, Lillie May Gale and Jack Gale, a new trial, with further directions to permit the plaintiffs to amend their pleadings, if they so desire, and make the contractor, McKerracker, a party to the suit, and to proceed in accordance with the views herein expressed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.