**GENERAL SPORTS CO. v. LESLIE & WALTER COOMBS LBR. CO. et at.**

No. 20150. Opinion Filed June 3, 1930.

Pennel & Harrison, for plaintiff in error.

Holliman & Bailey and E. E. Heyl, for defendants in error.

ANDREWS, J. This action was brought by the Leslie & Walter Coombs Lumber Company, a copartnership, to foreclose a contractor's lien for materials furnished to a contractor and used by him in the construction of a swimming pool for the owner of the swimming pool and the real estate on which it was constructed.

The contractor and the owner were made defendants and service was had upon the owner, but no service was ever had upon the contractor and no summons was ever issued directed to the sheriff of the county in which the suit was filed. A summons was issued for the contractor to Tulsa county and was returned with a notation that the sheriff could not find the contractor in Tulsa county. Various other subcontractors intervened in the action, and the trial court, after a jury was waived, rendered a judgment in, favor of all of the subcontractors, establishing their several claims as liens upon the property of the owner.

The owner appealed to this court and, as one of the many errors alleged to have been committed by the trial court, contends that, under the provisions of section 7479, C. O. S. 1921, the contractor was a necessary party defendant. That objection was made during the trial and at the conclusion of the evidence of the subcontractors and was overruled by the trial court.

Section 7479, supra, provides that where an action is brought by a subcontractor, or other person not the original contractor, such original contractor shall be made a party defendant. The only exception thereto is contained in that section and reads as follows:

"Provided, that if the sheriff of the county in which such action is pending shall make return that he is unable to find original contractor, the court may proceed to adjudicate the liens upon the land and render judgment to enforce the same with costs."

That section was under consideration by

this court and the identical contention made here was determined by this court in Sutherland Lumber Co. v. Gale, 136 Okla. 233, 277 Pac. 242, wherein this court reviewed the authorities and held that the failure to make the contractor a defendant in the action is sufficient ground to vacate the judgment. That rule should be applied here.

That rule is particularly applicable under the contentions made in this case. The owner here contends that it paid the contractor a large sum of money and that the contractor paid that money to subcontractors. The evidence thereof was weak and doubtless would have been clearer had the contractor been a party to the suit. Since the Legislature has seen fit to require the contractor to be made a party to the suit, or to have his absence accounted for by the method provided by the Legislature, we must require the legislative mandate to be complied with.

The contention here made that the contractor could not be located was made in the Sutherland Lumber Company Case, and this court there held that that was not sufficient to meet the requirements of the statute. We do not think it necessary to discuss the contention further, and, applying the rule announced by this court in that case, this cause must be reversed.

There is one feature of this case, however, to which a different rule should apply. There is some question whether W. L. Morton, one of the cross-petitioners, was a contractor or a subcontractor. He contends that as to a part of his claim he was a subcontractor and as to a part of it he was a contractor, and that the owner, through its agent, as a consideration for the extension of credit, agreed to pay the claim for merchandise furnished by him to the contractor. If the contention that the owner agreed to pay the debt of contractor is true, then the owner would be liable therefor. The trial court rendered a judgment on that theory. We think that there was ample evidence to sustain that judgment. Since the claim of W. L. Morton, under the judgment of the court, was that of a contractor, we must apply the rule adopted by the Legislature as to contractors. Section 7463, C. O. S. 1921, provides for the filing of a lien statement by a subcontractor within 60 days after the date upon which material was last furnished or labor last performed under the subcontract, and that " * * * no owner shall be liable to an action by such contractor until the expiration of said 60 days. * * * "

To the cross-petition of W. L. Morton the owner filed a demurrer on the ground, among other things, that the action was prematurely brought, and contended throughout the trial that the action could not be brought until after the expiration of the 60-day period. The record shows that the action was commenced on July 25, 1927. The last material furnished by Morton, according to his lien statement, was on July 14, 1927. The petition was filed by a subcontractor. The subcontractor was required to bring in all lien claimants.

We find no merit in the contention of the owner that the action was prematurely brought. Had the owner defended this action only on the ground that the action was prematurely brought, we would be inclined to give some further consideration to that contention, but, inasmuch as the owner defended on the ground that it did not owe the claims, and inasmuch as no judgment was rendered in the action until after the expiration of the 60 days, and until after all of the subcontractors had been made parties and presented their claims, we are not inclined to dismiss the action because it was prematurely brought. In our opinion, in order to present that defense, it must be presented without a defense on the merits, and that a defense on the merits is a waiver of that objection.

The contention that the J. A. Daly-Osage Sand & Contracting Company failed to prove any contract with the contractor is without merit, as the trial court found against that contention, and, in our opinion, there is ample evidence to sustain the finding.

Since the cause is to be retried, we desire to call the attention of the trial court to the rule announced by this court in Sutherland Lumber Co. v. Gale, supra, that the contract price constitutes a fund from which the subcontractors are to be paid and which is to be properly distributed to them, and to the rule announced in J. B. Klein Iron & Foundry Co. v. A. B. Mays & Co., 76 Okla. 177, 184 Pac. 577, that the owner may offset damages sustained by the contractor's failure to complete the contract and that payments made by the contractor and paid by him to subcontractors should be considered in determining the pro rata share to be paid to each of the subcontractors. We think that the error, if any, in the misapplication of the fund will be corrected on the second trial.

We find no merit in the other contentions made.

The judgment of the trial court, in so far

as the same relates to the claim of W. L. Morton, is affirmed.

· The judgment of trial court as to the claims of the subcontractors is reversed, and the cause is remanded, with directions to grant the subcontractors a new trial and to permit them to procure service upon the contractor or procure a return of the sheriff of Washington county in conformity with the statute, and to proceed in accordance with the views herein expressed, taxing the costs of this appeal to the subcontractors, the remainder of the costs to abide the judgment in the cause.

CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., and LESTER, V. C. J., absent. HUNT, J., not participating.

Note.—See under (1) anno. 33 L. R. A. (N. S.) 69; 4 A. L. R. 1034; 18 R. C. L. p. 983; R. C. L. Perm. Supp. p. 4558; (3) anno. L. R. A. 1916D, 1254; 18 R. C. L. p. 974; R. C. L. Perm. Supp. p. 455. See "Appeal and Error," 4 C. J. §3236, p. 1197, n. 9. "Mechanics' Liens," 40 C. J. §470, p. 350, n. 23; §522, p. 383, n. 97; §561, p. 412, n. 77.