**L. E. RICHARDSON and Inez Richardson, Plaintiffs in Error,**

v.

**The H. E. LEONHARDT LUMBER CO., a corporation, Defendant in Error.**

No. 40356.

Supreme Court of Oklahoma.

Jan. 28, 1964.

Rehearing Denied March 10, 1964.

Bruce, Rowan & Darrell, Oklahoma City, for plaintiffs in error.

Hanson & Peterson, Oklahoma City, for defendant in error.

JOHNSON, Justice.

This action was commenced by the defendant in error, Leonhardt Lumber Company, hereafter referred to as plaintiff, to foreclose a materialman's lien upon the property of the defendants Richardson. From a judgment in favor of the plaintiff, the defendants appeal.

A written contract was made between Bernie Golden d/b/a B & S Contracting Company and L. E. Richardson, property owner, for the improvement of property at 710 North Stonewall. The defendants contend under their first proposition that the items furnished were sold to Zetta Golden and not to Bernie Golden, the contractor, and again that all of the materials were not used in the property of defendants.

A large portion of this record is devoted to the validity of the claims of co-defendants who were asserting liens. However, none of these is a party to this appeal, and the issues asserted by them are not involved here.

The propositions asserted by the plaintiffs in error are:

"1. Error of the Court in ordering that the personal judgment rendered in favor of the plaintiff, Leonhardt Lumber Company, and against the defendants, Bernie Golden and Zetta Golden, be established as a lien against the property of the plaintiffs in error, L. E. Richardson and Inez Richardson, and to be foreclosed, as provided by law.

"2. Error in dealing with facts in making the judgment against the Goldens a lien upon the property of the defendants."

The following facts are established without contradiction:

1. The materials sued for were furnished to the Goldens.

2. The prices charged were reasonable.

3. The bills have not been paid.

■ It is contended first that the materials were not used on the property of defendants. There is evidence by both the contractor and laborers that the materials, with the exception of certain tools, were used on the work. The court deducted the cost of the tools. There being an implied finding by the court in its judgment that the materials were used in the work, such finding will not be disturbed if there is evidence to sustain it.

"In an action of equitable cognizance, presumption is in favor of the trial court's finding, and it will not be set aside on appeal unless against the clear weight of the evidence." Cushing Country Club v. Boardman Company, Okl., 381 P.2d 856.

■ The second contention advanced is that the sales tickets for several of the involved items were made to Zetta Golden, while Bernie Golden was the contractor. The written contract made by defendants Richardson and Golden is signed "B & S Contracting Co. by Bernie Golden." The caption of the contract calls for "Bernie Golden d/b/a B & S Contracting Company." The validity of this contract is not attacked by the defendants, but, on the contrary, they stand on it all the way through the litigation. Whether the contracting company is a partnership or merely an assumed name is in our opinion wholly imma-

terial. The proof shows that for a time, while Bernie Golden was ill, Zetta Golden was in charge of the work and made the purchases, and that the materials purchased were used on the job. We think there is no merit in this contention.

Complaint is next made that a small portion of the charges was for tools, etc. which were not a proper charge. The record shows that the trial court refused to allow a lien for these items.

 Before considering the next contention of the defendants, we desire to dispose of the argument advanced by defendants in regard to their motion for new trial on the ground of newly discovered evidence. Attached to the motion was an affidavit of one Charles Carter in which affidavit he stated that he was employed on this project and that he knew that all of the materials furnished and set forth in the plaintiff's lien statement were not used in the building of Richardson.

The record shows that Carter testified in the original trial, and in a portion of his testimony he stated:

"Q. Now, all of the materials that were delivered to this location, 710 N. Stonewall, did you have any occasion to sign any of the delivery tickets?

"A. Yes, sir, I did.

"Q. All right. Now, so far as you know, were the materials that were delivered there, were they used on the premises in question?

"A. As far as I know, they were."

We think and hold that the trial court was amply justified in overruling the application for new trial on the basis of newly discovered evidence as the record does not show the required diligence since this witness had testified concerning this particular phase.

We come now to the last and most serious contention of the defendants. It appears from the record that laborers employed on this project had asserted labor claims in the total sum of $1,278.75. The claim of plaintiff as established was $685.89. These two claims total $1,964.64. The contract price was $1,450.00.

Section 143, O.S.1961, Title 42 provides in part in regard to material liens:

"* * * Provided further, that the owner of any land affected by such lien shall not thereby become liable to any claimant for any greater amount than he contracted to pay the original contractor. * * *"

This statute has been construed many times by this court. The first exhaustive opinion was in the case of J. B. Klein Iron & Foundry Co. v. A. B. Mays & Co. (1919), 76 Okl. 177, 184 P. 577. This case cited and followed the Kansas case of Fossett v. Rock Island Lumber & Mfg. Co., 76 Kan. 428, 92 P. 833, 14 L.R.A.,N.S., 918.

Subsequent to the Klein case, numerous cases have followed in line with the principles therein laid down. See General Sports Co. v. Leslie & Walter Coombs Lumber Co., 143 Okl. 297, 288 P. 949; Uhrich Millwork Limited v. McGuire, 143 Okl. 16, 289 P. 264; and Consolidated Cut Stone Co. v. Seidenbach, 181 Okl. 578, 75 P.2d 442.

In the Uhrich case cited, one of the leading cases upon the subject, the first paragraph of the syllabus by the court reads:

"In an action against the owner of a building to enforce a subcontractor's lien, evidence of payments made by the owner to laborers and materialmen and payments made to the contractor, who in turn paid the money thus received to subcontractors, laborers, and artisans during the sixty days within which they otherwise would have been entitled to file liens, is admissible; and, where the cost exceeds the contract price, the owner is entitled to credit for such payments to the extent of the pro rata amounts which the other subcontractors, etc., would have been entitled to if their liens had been filed. J. B. Klein Iron & F. Co. v. A. B. Mays & Co., 76 Okl. 177, 184 P. 577."

■■ The total possible liability of the owner being limited to $1,450.00, and the total claims for both labor and material being $1,964.64, a fraction $^{1450}/_{1964}$ results. Applying this fraction to the claim of plaintiff, it was entitled to a judgment lien of $506.38, the proportionate part of the contract price.

■ No sufficient tender of a properly worded check was ever made, and therefore the judgment for attorneys fee is affirmed.

Upon remittitur of the excess over $506.38, the judgment of the trial court is affirmed; otherwise a new trial is granted.

■ This judgment rendered being thus modified, the costs of appeal are to be equally divided as provided by Sec. 978, Title 12 O.S.1961.