**DAVIDSON OIL COUNTRY SUPPLY COMPANY, INC., Plaintiffs,**

v.

**PIONEER OIL & GAS EQPT. CO. and Scott Petroleum, Inc., Defendants.**

No. 61195.

Supreme Court of Oklahoma.

Sept. 25, 1984.

Robert D. Nelon of Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, for plaintiff.

Clyde A. Muchmore, Mark D. Christiansen, of Crowe & Dunlevy, Oklahoma City, for Scott Petroleum.

James D. Fellers, Harry H. Selph, II, Doneen Douglas Jones, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, amicus curiae, for Halliburton Company.

Joseph H. Bocock, Louis J. Price of McAfee & Taft, Oklahoma City, Oklahoma, William D. Neary, Scotta E. McFarland of Thompson & Knight, Dallas, Tex., amicus curiae, for Trade Creditors Committee of Amarex, Inc.

SIMMS, Vice Chief Justice:

Pursuant to 20 O.S. 1981, § 1601, et seq., the United States District Court for the Western District of Oklahoma has certified to this Court for answer the following questions of law:

1. Must an oil and gas statement filed by a corporate lien claimant pursuant to 42 O.S.A. §§ 144,146 (1981) also satisfy the provisions of 16 O.S.A. §§ 26, 93, 94 and 95 (1981) in order to be effective? (Disregarding of 16 O.S.A. § 37B, "Foreign execution and acknowledgements validated"). Stated another way, to perfect an oil and gas lien statement filed by a corporation in Oklahoma is it required that the signature of the corporate official thereon be attested to with corporate seal attached and be acknowledged?

2. If the answer to question number one is "yes", and any or all of the attestation, seal of acknowledgement in question number one is omitted from the lien statement filing, is the lien statement amendable under 42 O.S.A. § 172?

We answer as follows:

1. Oil and gas well lien statements do not fall within the recording statutes as an instrument affecting real estate.

2. As long as the perfection requirements of the lien statements are met as set out in 42 O.S. 1981, § 142, other defects may be cured by amendment under 42 O.S. 1981, § 172, in the furtherance of justice.

### I.

The facts giving rise to the above certified questions of law appear to be as follows:

Davidson Oil Country Supply Co., Inc. (Davidson), a Delaware corporation with its principal place of business in Houston, Texas, supplied a large quantity of oilfield casing through Pioneer Oil & Gas Equipment Company (Pioneer), an Oklahoma proprietorship, to Scott Petroleum, Inc. (Scott), an Oklahoma corporation with its principal place of business in Oklahoma City. Scott used the casing in drilling a well in Caddo County, Oklahoma.

To secure payment for the casing, Davidson timely filed an oil and gas well lien statement in Caddo County, which complied with the requirements of Title 42, Oklahoma Statutes. The lien statement was signed by the President of Davidson, was verified by affidavit, and was notarized in Texas. However, the lien statement was not attested by the corporate secretary, did not bear the corporate seal, and did not contain an acknowledgement as such, but set forth a jurat under Texas law.

Davidson ultimately brought an action to collect from Pioneer and Scott the amount due and unpaid for the casing and to foreclose its oil and gas well lien. Following the filing of an answer by Pioneer admitting the debt and the validity of Davidson's lien, Davidson moved for judgment on the pleadings. Scott, with leave of the court, opposed that motion, contending that the requirements of 16 O.S. 1981, §§ 26, 93, 94 and 95, must be satisfied for a lien statement to be valid, and that the absence of a corporate attestation, seal and acknowledgement on Davidson's lien statement rendered that statement ineffective for any purpose.

### II.

The purpose of the mechanic's & materialmen's lien statute is to protect materialmen and laborers, to secure payment of claims, and to give notice to the owners and to third parties of the intent to claim a lien for a definite amount. The recording requirement also protects innocent purchasers. *Matter of Mahan & Rowsey*, Brktcy., 27 B.R. 883 (1983); *National Gas Co. v. Ada Iron & Metal Co.*, 185 Okl. 415, 93 P.2d 529 (1939). Liberality should be given to the enforcement of the lien after the lien has clearly attached and not in

determining the question as to whether or not a lien exists. *American Tank & Equipment Co. v. T.E. Wiggins, Inc.*, 170 Okl. 504, 42 P.2d 115 (1935). Since the lien statement that was filed was sufficient to give notice to anyone of the amount claimed and the property upon which it is claimed, it is our judgment that the lien has clearly attached. *Cline v. Pattin Bros. Co.*, 56 Okl. 313, 156 P. 167 (1916). See also, *Davis v. Lewis*, 187 Okl. 91, 100 P.2d 994 (1940).

Defendant Scott admits that the requisites of Title 42 were met, but argues that defects in the execution should make the lien statement void for all purposes. He cites 16 O.S. 1981, § 26, which reads:

"No deed, mortgage or other instrument affecting the real estate shall be received for record or recorded unless executed and acknowledged insubstantial compliance with this chapter; * * and the recording of any such instrument not so executed and acknowledged shall not be effective for any purpose."

■ Scott then cites an attorney general's opinion for the proposition that mechanic's and materialmen's liens are instruments affecting property and therefore come within the recording statutes. Attorney General's Opinion 79–337. The final construction of a statute, however, rests with the courts, and an opinion of the Attorney General is not controlling although it is given great respect. *State, ex rel., Clifton v. Reeser*, Okl., 543 P.2d 1379 (1975); *Aetna Casualty & Surety Co. v. State Board for Property & Casualty Rates*, Okl., 637 P.2d 1251 (1981).

■ We believe that the intent of the legislature is not in accord with the Attorney General's Opinion. Mechanic's and materialmen's liens are not required to follow the same formalities as other instruments affecting real estate. For example, it has been held that filing suit within the statutory period for filing lien claims is sufficient without filing a lien claim state-

ment. *Key v. Hill*, 93 Okl. 64, 219 P. 308 (1923); *Sutherland Lumber Co. v. Gale*, 136 Okl. 233, 277 P. 242 (1929); *Wass v. Vickery*, 137 Okl. 552, 278 P. 336 (1929). This policy has been codified by the 1984 legislature in House Bill 1439, sec. 1, as follows:

"Any lien statement authorized by the provisions of Sections 141 through 164 of Title 42 of the Oklahoma Statutes when executed on behalf of a corporation may be signed and verified by any officer or agent of said corporation without the necessity of attestation, seal, or acknowledgement and any release of such lien when executed on behalf of a corporation may be signed by any officer or agent of such corporation without the necessity of attestation, seal, or acknowledgement. With respect to the execution and release of lien statements in accordance with this section, the provisions of Sections 15, 93, 94 and 95 of Title 16 of the Oklahoma Statutes shall not apply." [1]

Further, section 2 of House Bill 1439, reads:

"Any lien statement authorized pursuant to the provisions of Sections 141 through 164 of Title 42 of the Oklahoma Statutes when executed on behalf of a corporation may be signed and verified by any officer or agent of said corporation without the necessity of attestation, seal, or acknowledgement and any release of such lien when executed on behalf of a corporation may be signed by any officer or agent of such corporation without the necessity of attestation, seal or acknowledgement.

With respect to the execution and release of lien statements in accordance with this section the provisions of Sections 15, 93, 94 and 95 of Title 16 of the Oklahoma Statutes shall not apply." [2]

While these statutes are not retroactive, (they became effective May 30, 1984) we believe they merely serve to clarify and codify preexisting legislative intent. In

---

1. House Bill No. 1439, sec. 1, is to be codified as 42 O.S.Supp. 1984, § 154.

2. House Bill No. 1439, sec. 2, is to be codified as 42 O.S.Supp. 1984, § 96.

other words, the legislature never intended for mechanic's and materialmen's liens to be subject to the recording statutes.

In the case of *Stone v. Wright*, 75 F.2d 457 (10th Cir. 1935) at issue was whether an assignment of a certain sum of money to be paid out of the working interest of an oil well came within the recording statutes. The Tenth Circuit held that such assignment was not a conveyance, but rather created an equitable lien. As such, it is an interest affecting real estate. The court went on to find that the assignment was acknowledged and recorded as the statute requires and permits. We do not believe this case is on point. While it states that an assignment of money from an oil well can be an equitable lien, it does not deal with mechanics and materialmen's lien.

■ The purpose behind 16 O.S. 1981, §§ 93, 94, 95 is to require acts sufficient to show that the corporation did execute the instrument in question and is bound by it. *Corvino v. 910 South Boston Realty Co.*, Okl., 332 P.2d 15 (1958). It appears that the defendant Scott received actual notice of the lien claim at the time of filing. This distinguishes the case at bar from *Smith v. Thompson*, Okl., 402 P.2d 882 (1965) in which the Court held that where liens were filed and recorded which had defective acknowledgements they did not operate to serve as constructive notice of the lien. The Court found no evidence of actual notice, and the liens were ineffective.

■ Since Davidson fulfilled the purpose of the lien statutes we believe Davidson should be permitted to amend his lien statement as provided in 42 O.S. 1981, § 172. Defendant Scott cites the *Mahan* case, supra, for the proposition that leave to amend should not be granted when to do so would abrogate the perfection requirements. The requirements in that case which were not met were those in 42 O.S. 1981, § 142, which were concededly met here. Defendant Scott correctly argues that an invalid lien statement cannot be made valid by amendment after the limitation period has expired. Here, however, the lien statement itself was valid, with a defect in the corporate execution. To allow defendant to prevail on this point would be to put form over substance, and this we decline to do.

### III.

In summation, materialmen's and mechanic's liens are not subject to the recording statutes. If they were, defects in the lien statements due to the requirements of the recording statutes could be cured by amendment in the furtherance of justice under 42 O.S. 1981, § 172, except as to the amount claimed.

**CERTIFIED QUESTIONS ANSWERED.**

All the Justices concur.