OSCN Found Document:BIANTRAV CONTRACTOR LLC v. CONDREN

 

 
 

 
 BIANTRAV CONTRACTOR LLC v. CONDREN
2020 OK 73
Case Number: 118945
Decided: 09/21/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 73, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

BIANTRAV CONTRACTOR, LLC, an Oklahoma Limited Liability Company, aka BIANTRAV CORPORATION, Petitioner,
v.
HONORABLE JUDGE SHEILA CONDREN, Judge of the District Court for Rogers County, Respondent,

SOFIDEL AMERICA CORP., a Florida for profit business corporation, SMI USA LLC, an Oklahoma Limited Liability Company, and INDEXA USA, INC., a New York for profit corporation, Real Parties in Interest.

ORDER

Â¶1 Original jurisdiction is assumed in the cause now pending in the District Court of Rogers County, Case No. CJ-2019-508. Okla. Const. Art. 7, Â§ 4. Scott v. Peterson, 2005 OK 84, Â¶ 12, 126 P.3d 1232 (original jurisdiction may be assumed when decision is based on erroneous conclusion of law); Cannon v. Lane, 1993 OK 40, Â¶ 13, 867 P.2d 1235 (assuming original jurisdiction and issuing writ where matter of public interest rendered a writ the appropriate remedy). The writ of prohibition is hereby granted.

Â¶2 The Respondent District Judge, or any other assigned judge, is prohibited from enforcing the July 14, 2020 Journal Entry of Judgment finding Petitioner's Corrected and Amended Mechanics and Materialmens Lien filed December 20, 2019, to be ineffective.

Â¶3 42 O.S. Supp. 2013, Â§ 143 governs liens filed by and through a subcontractor, and requires a lien to be filed with the county clerk of the county in which the land is situated within ninety (90) days after the date upon which material or equipment used on said land was last furnished or labor last performed. The lien statement must state (1) the amount due and the items thereof, (2) the name of the owner of the property, (3) the name of the contractor, (4) the name of the subcontractor making the claim, and (5) a legal description of the property.

Â¶4 The purpose of the lien statute is to protect subcontractors who provide labor and services, secure payment of claims, and give notice to owners of the intent to file a lien in a definite amount. Davidson Oil Country Supply Co., Inc. v. Pioneer Oil & Gas Equip. Co., 1984 OK 65, Â¶ 6, 689 P.2d 1279.

Â¶5 Pursuant to 42 O.S. Supp. 2013, Â§ 143, "The risk of all payments made to the original contractor shall be upon such owner until the expiration of the ninety (90) days herein specified, and no owner shall be liable to an action by such contractor until the expiration of said ninety (90) days." This portion of the statute is meant to exempt the owner of the subject property from suit by a contractor for the given statutory period provided for subcontractors to file their liens. El Reno Elec. Light & Tel. Co. v. Jennison, 1897 OK 64, Â¶ 16, 50 P. 144.

Â¶6 On the other hand, 42 O.S. 2011, Â§ 172 provides a means for enforcing a lien through the filing of a civil action in the district court. In cases where such an action is brought, "any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed." Id.

Â¶7 The Court finds 42 O.S. 2011, Â§ 172 does not prohibit the filing of an amended lien statement, including an amendment as to the amount claimed, when the amended lien statement is filed within the 90-day time period prescribed by 42 O.S. Supp. 2013, Â§ 143. Section 172 is intended as a mechanism, once a civil action for enforcement is filed, to permit amendments to a lien statement to correct technical defects after the statutory period to file a lien has expired.

Â¶8 Hence, a lien statement in a civil action commenced under Section 172 is treated just as any other pleading that may be amended "in furtherance of justice as pleadings may be in any matter." Â§ 172; Whitfield v. Frensley Bros. Lbr. Co., 1930 OK 18, Â¶ 16, 283 P. 985. See, e.g., 12 O.S. Supp. 2018, Â§ 2015(C).

Â¶9 There is no dispute Petitioner's Corrected and Amended Mechanics and Materialmens Lien (increasing the amount claimed) was filed within the 90-day statutory period prescribed by 42 O.S. Supp. 2013, Â§ 143. Accordingly, it was not prohibited by 42 O.S. 2011, Â§ 172. See Whitfield, at Â¶ 14 (a party may file multiple mechanic's lien statements in efforts to perfect a proper lien as long as the time for filing lien has not expired).

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 21ST DAY OF SEPTEMBER, 2020.

/S/CHIEF JUSTICE

Gurich, C.J., Winchester, Edmondson, Colbert, Combs, Kane and Rowe, JJ., concur;

Kauger, J., concurs in part and dissents in part

Kauger, J., concurring in part; dissenting in part:
"I concur in the result. I dissent to the procedure."

Darby, V.C.J., not voting.