# CHARLESTON.

## SHOWALTER *et al. v.* LOWNDES *et al.*

Submitted June 6, 1904.    Decided December 13, 1904.

1.    MECHANIC'S LIEN.—*Leasehold Estate Subject Thereto.*
    A leasehold estate being an interest in land, is subject to a lien under section 3, chapter 75, Code 1899, in so far as any structure is erected thereon by the lessee which enhances the value, or otherwise benefits such estate.    (p. 463).

2.    MECHANIC'S LIEN.—*Structure Subject Thereto.*
    An oil well derrick erected for the purposes of such lease is such structure.    (p. 464).

Appeal from Circuit Court, Harrison County.

Action by C. L. Showalter and others against Richard L. Lowndes and others. Judgment for defendants, and plaintiffs appeal.

*Reversed.*

HAYMOND MAXWELL, for appellants.

R. S. DOUGLASS and L. C. CRILES, for appellees.

Dent, Judge:

An appeal from a decree of the circuit court of Harrison county, by C. L. Showalter and others, appellants, against Richard T. Lowndes and William E. McBride, appellees. Appellants filed their bill claiming a mechanic's lien on an oil well derrick and leasehold estate belonging to appellee Lowndes, for lumber furnished appellee McBride, and used in the construction of such derrick, amounting to the sum of $173.00. Lowndes demurred to the bill. The circuit court sustained the demurrer, and dismissed the bill.

The sole question presented is as to whether an oil well derrick attached to a leasehold estate, is subject to a mechanic's lien by those furnishing the lumber to build the same. The circuit court answered this question in the negative. A careful examination of the law and decisions shows considerable confusion on the subject, but the decided preponderance of authority tends to sustain the contention of the appellants. It is claimed that an oil well derrick is personal property liable to be levied on and sold under execution, and that mechanic's liens do not attach to personal property. *Church* v. *Griffith,* 9 Pa. St. 117; Phillips on Mechanic's Liens, sec. 171, p. 302. Such conclusions were arrived at under statutes not subjecting leasehold estates to such liens. The almost universal rule now is that leasehold estates may be subjected to mechanics' liens for the reason that they are interests in land, although they are personal property and may be levied on and sold under execution. Section 17, chapter 13, clause 16, Code; Donahue Petroleum & Gas, 114; 20 Am. & En. Ency. Law, (2nd Ed.) 301, 313, note 4. This is the gist of the whole question and is in effect that if a leasehold estate is subject to a mechanic's lien, then any structure that becomes a part of such estate or interest in land is likewise subject to such lien, although it may be treated for other purposes as personal property. *Loomie* v. *Hogan* (N. Y.) 61 Am. Dec. note 697; *Lyon* v. *McGuffey,* (Pa.) 45 Am. Dec. note 678.

The wording of section 3, chapter 75, Code 1899, so far as involved in this decision is as follows: "Every material man * * * furnishing any material * * * for the construction of any house or other structure * * * shall have a lien to secure the payment of the value of * * * the material * * * upon

such house or other structure, and upon the interest of the owner in the lot of land on which the same may stand." From an examination of the foregoing authorities, it is perfectly plain that the word "interest" covers all leasehold estates, although chattels, real or personal property; and the word "structure" includes any structure that enters into, benefits and enhances. the value of the particular interest to which it is attached. 20 Am. & En. En. Law (2nd Ed.) 304. When the plaintiff's lumber was built into the oil well derrick, it ceased to be separate personalty, but became a part of the lessee's interest in the land to the enhancement of its value, and the material man could no longer seize it as his property and hold it until he was paid therefor, nor could the derrick be levied on and sold separate from the lease without injury to or destroying the value of both. For the purposes of the mechanic's lien law, the lease and any structure erected thereon are regarded as real estate, although under strict legal classification, united or separate, they are personal property.

These considerations lead to the conclusion that the circuit court erred in sustaining the demurrer to plaintiffs' bill.

The decree is reversed, and the cause remanded.

*Reversed.*