## SLATEN v. NO. 8 THRESHER CO. et al.

No. 18778. Opinion Filed Dec. 4, 1928.

Rehearing Denied May 28, 1929.

W. C. Austin, for plaintiff in error.

R. D. Miller, for defendants in error.

REID, C. On the 3rd day of September, 1926, H. B. Yarbrough, H. E. Patrick, John Husband, George Moon, and Tate Cundiff filed their petition in the district court of Harmon county, alleging themselves to have been formerly the sole owners of a threshing outfit operated under the copartnership name of "No. 8 Thresher Company," and that on the 14th day of April, 1926, the defendant, Loyd Slaten, purchased from them said threshing outfit, and gave them therefor his note for $1,000, payable on the 1st day of September, 1927; and at the same time, as a part of the same transaction, he executed and delivered to them a chattel mortgage in writing on the items composing the threshing outfit to secure the payment of this indebtedness; that the mortgage described the note, and agreed that all the net earnings of the threshing season of 1926 should be applied on the payment of said note, and that the mortgage and note to such extent was to be considered due and payable as the earnings accrued; that the terms of the note and mortgage had become broken, in that the defendant had failed, neglected, and refused to pay the sum of $300 profit earned by the defendant for 1926, or any part thereof, after demand, and by the terms of the note plaintiff had the right to declare the whole amount of the indebtedness then due and owing, and plaintiffs elected to declare the debt due, and prayed for judgment for the full amount of the note, interest, attorney's fees, and for fore-

closure or this mortgage on the threshing outfit.

On October 1, 1926, the defendant moved the court to require the plaintiffs to make more definite and certain their petititon in that they be required to add thereto a copy of their certificate of partnership, published and filed in the office of the court clerk showing the members of said partnership.

The record shows that, on the 4th day of December, 1926, their motion was waived and 20 days given by the court to plead. A demurrer was on the same day filed and overruled, exception had, and defendant given 20 days to answer. The defendant answered by general denial, admitting the execution of the note and mortgage sued on, that it was for the purchase price of the property described in the mortgage, but that it was agreed that defendant was to pay the note out of his net earnings of the threshing, and it was to be paid in full by September 1, 1927, but in case the wheat crop failed in 1927, the note was to be extended to December 1, 1928; that this suit was filed before the 1926 earnings had all been collected; which earnings were $265.75, and he tendered that amount in court, and asked that he be discharged with costs.

In a cross-petition against the plaintiffs, defendant alleged that they agreed that if he would purchase the threshing outfit they would permit him to thresh their grain, and that they had refused to do this and thereby damaged him in the sum of $897.80. On this cross-petition, he asked that plaintiffs be required to accept the sum of $865.75 and credit his note therefor, and that he have judgment against them for the sum of $897.-80. The plaintiff for reply denied the allegations in defendant's answer and cross-petition.

The case was tried to a jury which returned a verdict for plaintiffs in the full amount of their note, and attorney's fees and for foreclosure of its mortgage, and denied any recovery to the defendant on his cross-petition.

After unsuccessful motion for a new trial the defendant appealed. The parties will be referred to as they stood in the trial court.

The first assignment of error in the brief of defendant attacks the right of plaintiffs to maintain this action because the record does not disclose their compliance with the law of this state by filing certificate showing the partners, as required by sections 8141-43, C. O. S., 1921, in that No. 8 Thresher Company was a partnership operated under a fictitious name, not disclosing the identity of the partners.

In this connection, it is proper to state that counsel for defendant in his brief mentions the fact that he was not the attorney who tried the case of this party, and frankly calls our attention to a recital in the record showing that the defendant waived the foregoing motion. But, as he has a right to do, he presents the question for his client upon the record as thereafter made on the trial. However, if it could be urged that the question could thereafter be raised by the defendant, it was not done. For nowhere in defendant's answer is the jurisdiction of the court to try the action attacked on that ground, and under the holding of this court, in the case of Fitch v. Braddock, 93 Okla. 78, 219 Pac. 703, this is a defensive matter which must be affirmatively pleaded by the defendant before he can avail himself of it.

It is true that there was a verified general denial by the defendant, but this does not reach the question because the petition of the plaintiffs made no reference to an affidavit such as described in the foregoing statutes.

The defendant calls attention to the case of Baker v. Van Ness & Co., 25 Okla. 34, 105 Pac. 660, as sustaining his proposition that the verified denial of defendant raised the question. In that case the answer of the defendant expressly pleaded the failure of plaintiffs to comply with said statutes, and there was no reply filed by the plaintiffs, and the court held that this material allegation of new matter set forth in the answer and uncontroverted by a reply should be taken as true, and constituted a complete defense to the action. In this case there is no such answer by the defendant, and therefore the issue was not raised by any pleading he had at the time of the trial.

The next assignment of error is predicated upon the proposition that the suit was prematurely brought, for, by the terms of the note, it was not due until September 1, 1927.

The mortgage securing the note, executed contemporaneously with it, and part of the same transaction, contained this pertinent provision in describing the indebtedness secured and when payable, to wit:

"One note dated April 14, 1926 beginning with the threshing season of 1926, pay all money made above threshing expenses to mortgagee until $1,000 together with all interest is paid, final payment to be made not later than Sept. 1, 1927."

It would reasonably appear by the expression, "final payment to be made not later than Sept. 1, 1927," that the mortgage enlarged the exact condition as to the time of payment stated in the note; and that the profits derived from operating the thresher should be paid as they were earned, or at least as soon as the season's run was concluded and the profit ascertained. And the mortgage further provided that if the mortgagor violated any condition of the mortgage, the mortgagees at their option might declare all the indebtedness immediately due and payable, and proceed at once to enforce collection thereon in the same manner as if the full time for the maturity of the indebtedness had lapsed.

There is testimony by two of the plaintiffs that, at different times, they discussed with the defendant a settlement prior to the time this suit was brought. And the defendant and one of his witnesses also testified to a conversation had between the defendant and one of the partners in attempting to arrive at a settlement. These conversations, according to all the testimony, occurred prior to the time this suit was filed, and one of these conversations was at the instance of defendant, who testified that he approached one of the plaintiffs in an effort to reach a settlement. The defendant did testify on the trial that when the suit was filed he had not collected for all threshing for the season of 1926, yet, in these conversations with the partners, when they were attempting to make a settlement, it does not appear that the defendant refused on the ground that the earnings had not been collected or ascertained, but the whole substance of the controversy over the settlement was the question of allowing the defendant, as a payment on his note, the amount he would have received if he had threshed the grain of the plaintiffs. And this was the main controversy in the trial of the case.

From the foregoing, it is concluded that the court did not err in submitting to the jury the question whether or not, under all the testimony, the defendant had failed to pay plaintiffs the profits he made in operating the threshing machine when due, and thereby gave the plaintiffs the right to exercise their option to demand payment of the balance of the debt, and bring action for the entire debt. And the conclusion here reached disposes of the third assignment of error as it seems to present the same question.

The defendant next assigns as error the following instruction to the jury:

"The burden of proving that defendant has not complied with the terms of the mortgage by paying to plaintiffs all net earnings for 1926 is upon the plaintiffs to prove the same by a fair preponderance of the testimony, and should you find from a fair preponderance of the testimony that the defendant has failed or refused to pay over all net earnings of said thresher outfit made by the defendant for 1926, then it would be your duty under such a finding to return a verdict in favor of plaintiffs, and against the defendant for the sum of $1,000, with interest thereon at 10 per cent. per annum from April 14, 1926, and for $100 attorney fees as stipulated in said note and mortgage, unless you find for the defendant upon the issues as submitted in next paragraph."

It will be observed in the foregoing charge that a subsequent paragraph thereof is referred to. In that paragraph the court charges the jury that, there being no definite date when the defendant was obliged to pay the net earnings from 1926, he had a reasonable time in which to pay them after the same came into his hands, and if the jury found that the suit was instituted before a reasonable time was allowed defendant, then it was their duty to return a verdict that the suit was instituted before any condition of the mortgage was broken, and that the plaintiffs could not recover, unless they further found that he offered to pay the earnings only on condition that he be credited on the note for the amount plaintiffs would have paid him for threshing the grain grown by them; which condition precedent to his payment he had no right to make.

Taking the charge as a whole, it fairly presented the question raised by the defendant's plea in abatement as made by all the evidence, including the note and mortgage. Therefore the court did not err in giving said charge.

Having considered the questions presented by the defendant in his brief, and concluded adversely to him on said questions, we find that the case should be affirmed.

BENNETT, DIFFENDAFFER, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.