## WASS et al. v. VICKERY.

No. 19109. Opinion Filed June 4, 1929.

Starkweather & Manning, for plaintiffs in error.

Bristow & Johnson, for defendant in error.

DIFFENDAFFER, C. This is an action brought originally by defendant in error against one M. D. Mason to foreclose a mechanic's lien claimed by defendant in error, hereinafter referred to as plaintiff, against lots 9 to 12, inclusive, block 23, northeast division, town of Apache. Judgment was rendered therein by default, which judgment was thereafter set aside, and upon the application of J. F. Wass and A. C. Houston, they were made parties defendant. After Wass and Houston were made defendants, they filed a general demurrer to the petition of plaintiff. While the demurrer was pending, both Wass and Houston died, whereupon the cause was revived in the name of Allen F. Wass and Muriel G. Coffin, executors of the estate of J. F. Wass, and Katherine B. Houston, Guy R. Houston, Gilbert H. Firth, and Max A. Houston, executors of the will of A. C. Houston. Thereafter, on May 2, 1927, the executors of the will of A. C. Houston filed their motion to be dismissed from said cause, upon the ground that A. C. Houston as an individual had no interest in the premises in controversy, and that instead of A. C. Houston having been made a party, the A. C. Houston Lumber Company, a corporation, was the owner or had an interest in said property. This motion was sustained and an order was made dismissing the executors of A. C. Houston, and the A. C. Houston Lumber Company was made a party defendant. Thereafter, on June 17, 1927, the trial court, treating the demurrer as having been filed on behalf of the executors of the estate of J. F. Wass and the Houston Lumber Company, overruled the same, exceptions being saved by A. C. Houston Lumber Company and the executors of J. F. Wass. Mason did not appear, and the executors of the estate of Wass and the A. C. Houston Lumber Company will hereafter be referred to as defendants. No order was made allowing defendants further time to plead, but on June 21, 1921, defendants filed a motion to require plaintiff to make his petition more definite and certain in certain particulars. On June 30, 1927, this motion came on for hearing, plaintiff appearing by his attorneys and defendants appearing by their attorney, whereupon the court, on its own motion, ordered the motion stricken from the files, whereupon defendants asked permission to file instanter and without prejudice to trial their answer, consisting of a verified general denial. This request was denied, and exceptions were saved and allowed. Thereupon the court ordered judgment by default, as per journal entry, against defendants. On July 2, 1927, defendants filed a motion

to vacate and set aside the judgment theretofore ordered to be entered, asserting therein that they had acted in good faith and without fraud or deceit; that the judgment was entered prematurely, upon an unverified petition and without any proof of the allegations therein, and that defendants had been deprived of their lawful right to present their defense; that they had a meritorious, good, valid, and legal defense to the cause of action; and further alleged:

"That the plaintiff herein had nor has any legal or valid lien filed against said property; that the said pretended lien was not filed of record as provided by law and that more than four months had expired after the alleged work was performed. That long after the expiration of the four months' limit by law in which to file said lien, and at a time that no lien had been filed by said plaintiff, and more than four months after the completion of the alleged work and furnishing of material as alleged in plaintiff's petition and pretended lien, plaintiff claims to have performed extra labor in the sum of $5, and illegally tacked on to the original claim the sum of $5, and illegally attempts to file his said lien for the whole of said claim, including the $5 extra for labor, all of which is null, void, and of no force or effect and creates no lien upon or against the property described therein."

On September 5, 1927, this motion was presented to the court and overruled. Defendants saved their exceptions, and gave notice in open court of their intention to appeal to the Supreme Court. On October 4, 1927, formal journal entry of judgment, as of the date of June 30, 1927, was filed, wherein, among other things, it was recited:

"This cause comes on to be heard in its regular order and the plaintiff appeared by his attorneys, M. Bristow and Orbie W. Johnson, and the defendants appearing by their attorneys, Starkweather & Manning, and the court having heard the motion to revive and having heard all the evidence in said cause finds all the averments in plaintiff's petition are true as therein set forth; that said defendant is indebted to said plaintiff in the sum of $300 for work and labor done by him on lots 9, 10, 11 and 12 in block 23 in the northeast division of the town of Apache, situated in the county of Caddo, state of Oklahoma, which property was then and there the property of said defendants. That the said contract for labor was entered into on the 1st day of April, 1925, and that said labor was last performed on the 14th day of December, 1925, and that said work and labor was a lien on the above-described real estate."

The property was ordered sold to satisfy the judgment and lien, attorneys' fee and costs.

Defendants bring this appeal by transcript and set up seven assignments of error.

Plaintiff asserts that defendants in their statement of the case do not include all the reasons given for the rendition of the judgment, and insists that the record should say:

"That the court of its own motion rendered judgment for said plaintiff striking the motion of said defendants from the files because the said defendants had refused to file their answer as required by the former order of the court, and on account of a willful disobedience of the order of said court, it rendered judgment."

We have carefully examined the entire record, and do not find that the court, when it overruled the demurrer, or at any time, directed or ordered that defendants file their answer within any given time.

The first assignment is that the court erred in overruling the demurrer of J. F. Wass to the petition. The petition is attacked mainly upon the proposition that the lien statement, a copy of which was attached to the petition as an exhibit and made part thereof, was wholly insufficient to create or establish the lien claimed, in that it wholly fails to show any of the material requirements of a mechanic's lien statement provided by statute, save and except a description of the property.

The particular defects claimed are that it wholly fails to give the name of the owner; that it fails to name the contractor; that it fails to name any person or subcontractor; it fails to itemize the claim as near as practicable and fails to state the date upon which the last labor was performed. An examination of the lien statement discloses that it does fail to give the name of any person as owner of the property. The other objections are not well taken. This court has never held that a failure to name some person as owner of the property in a mechanic's lien statement will render the statement so defective that no lien can be created thereby. Our mechanic's lien law was originally adopted from the state of Kansas, and the Supreme Court of that state, in Blattner v. Wadleigh, 29 Pac. 165, has so held. The syllabus of that case, which was decided March 5, 1892, and before the adoption of the law by the territory of Oklahoma, is as follows:

"A statement of a mechanic's lien, under section 632 of the Code (Comp. Laws 1885) that does not charge some particular person by name as the owner of the property upon

which a lien is sought to be taken, is invalid, and does not create a lien."

In Lang v. Adams (Kan.) 80 Pac. 593, it was held:

"The basis of a mechanic's lien is the contract with the owner of the property to be improved, who must be named in the statement of work or labor furnished upon which a lien is claimed, and a valid lien cannot be created and established unless the contract is so made and the owner so named."

But another question presents itself in the instant case, in view of the holding of this court in several cases, to the effect that when suit is commenced by a person claiming a mechanic's lien, within the time provided by statute for filing a mechanic's lien statement, no such lien statement need be filed.

Plaintiff filed his petition on the 11th day of February, 1926. He claims that the last work was done on the premises December 14, 1925. He alleges in the petition that the work and labor was done and performed by him under a contract with M. D. Mason, who he alleges was then and there the owner of the premises. The petition does not clearly allege that the last work and labor was performed on the 14th day of December, 1925, but facts are alleged from which this may fairly be inferred. Summons was issued on the 5th day of April, 1926, directed to the sheriff of Oklahoma County. The return showed defendant "not found," and alias summons was issued April 20, 1926, directed to the sheriff of Stephens county. The return thereon showed personal service on Mason on May 4, 1926.

In Key v. Hill, 93 Okla. 64, 219 Pac. 308, it was held:

"Where a laborer, mechanic, or materialman files suit for foreclosure of his lien, in the office of the court clerk in the county where the property sought to be charged is located, within four months after the completion of the services rendered or the last item of the material is furnished, and regularly prosecutes such suit, there is substantial compliance with the lien statutes, and no other lien statement need be filed."

Such, in effect, is the holding of this court in Peaceable Creek Coal Co. v. Jackson, 26 Okla. 1, 108 Pac. 409. In Sutherland Lumber Co. v. Gale, 137 Okla. ____, 277 Pac. 242, this question was again before the court, and it was there held:

"Where a laborer, subcontractor, files suit for foreclosure of his lien, in the office of the court clerk in the county where the property sought to be charged is located, within 60 days after the date upon which the labor was last performed, and regularly prosecutes such suit, there is substantial compliance with the lien statutes, and no other lien statement need be filed."

From the foregoing authorities, we conclude that the filing of a lien statement, whether fatally defective or not, was not essential. We further hold that the petition, though somewhat defective and indefinite in some particulars, was sufficient to withstand a general demurrer, and that the court did not err in overruling the demurrer.

The next proposition presented in the brief of defendants is:

"That the court erred and abused his discretionary powers in refusing the plaintiffs in error the right to file instanter and without prejudice to trial their answer, and thereby refusing them the right to defend in said cause, to which ruling of the court, the plaintiffs in error saved their exceptions."

In this, we think there is merit. As heretofore pointed out, the demurrer of defendants was filed promptly after they were made parties. No unusual delay was caused by the demurrer. They were made parties defendant on September 8, 1926, and they filed their demurrer on September 10th. After it was filed, some delay was necessarily caused by the death of J. F. Wass and A. C. Houston, as it took sometime to prove their respective wills and have the cause revived in the name of the executors. The order of revivor was made on March 7, 1927, and the demurrer was presented to the court on June 17th. When the court overruled the demurrer, he fixed no time for further plea and did not require the defendants to answer within any given time. Instead of filing an answer, defendants, on June 21st, filed a motion to make the petition more definite and certain. If defendants desired that the petition be made more definite and certain, they should have filed their motion before filing the demurrer. But there is nothing in the record indicating that defendants were not in good faith in presenting this motion, and particularly is this true in view of the fact that they seemed to be relying upon the alleged defect in the lien statement, rather than any defect in the petition itself. The motion to make more definite and certain was not entirely without merit, but the trial court refused to consider the same, and of its own motion struck it from the files. This occurred on June 30, only nine days after it was filed. Defendants thereupon promptly asked leave to file instanter and without prejudice to a trial an answer consisting of a verified general denial. This request was denied by

the trial court, without giving any reason therefor as far as the record discloses. Section 317, C. O. S. 1921, provides:

"Upon a demurrer being overruled, the party who demurred may answer or reply, if the court be satisfied that he has a meritorious claim or defense, and did not demur for delay."

Under this section the matter of allowing defendants to answer or reply after demurrer is overruled is largely within the discretion of the trial court. In the instant case, there is no finding or statement by the court that he was of the opinion that defendants filed their demurrer and subsequent motion for delay. We think they were entitled to file their answer unless from the record it appears that they were not acting in good faith.

In Jordan v. McNiel, 25 Kan. 459, Mr. Justice Valentine, speaking for the court, said:

"For the purposes of this case, we shall assume that the petition of the plaintiff below was sufficient, and yet we do not think that the demurrers thereto were absolutely frivolous; certainly not so absolutely frivolous that the defendants forfeited all their rights in the case by filing them."

And further:

"We hold that the demurrers were not frivolous, and that the defendants below made a sufficient showing to entitle them to file answers setting up their proposed defenses; and therefore the judgment of the court below will be reversed, and the cause remanded with the order that the defendants be permitted to answer."

In the instant case, we do not think that the demurrer was frivolous; certainly not so frivolous as to deprive the defendants of their right to answer. Neither do we think the motion to make the petition more definite and certain, though filed out of order and at a time when only an answer was called for, under the circumstances of this case, was so frivolous as to deprive defendants of their right to answer. True no showing was made before or at the time permission to answer was requested. Nor was any showing called for. We have examined the showing made in the application to set aside the order and judgment, and are of the opinion that the same was sufficient, and that justice requires a reversal, and that defendants be permitted to answer and present their defense.

The other assignments present questions not likely to arise in another trial, and we deem it unnecessary to consider them here.

For the reasons stated, the judgment should be reversed and the cause remanded,

with directions to grant a new trial and permit defendants to answer and present their defense.

LEACH, HERR, JEFFREY, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Mechanics' Liens," 40 C. J. §204, p. 176, n. 86.