## NATIONAL GAS CO. et al. v. ADA IRON & METAL CO.

No. 28310. Nov. 29, 1938.

Rehearing Denied Jan. 17, 1939.

Application for Leave to File Second Petition for Rehearing, Denied Sept. 12, 1939.

A. H. Huggins, for plaintiffs in error.

C. F. Green, for defendant in error.

CORN, J. This action was commenced in the district court of Pontotoc county by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, said parties being referred to herein as they appeared in the trial court, to recover judgment and to declare and foreclose lien for materials and supplies furnished by plaintiff to defendants for the

construction of a gas pipe line extending from a designated gas well in the Fittstown area to the town of Stonewall in said county and a gas distributing system in said town to supply gas for domestic and commercial use to the inhabitants thereof. The cause was tried to a jury, and it returned a separate verdict against each of the defendants, National Gas Company, C. D. Skirvin, and R. C. Simpkins, in favor of the plaintiff. The court thereupon rendered judgment jointly against said defendants for $567.72, and $100 attorneys' fees, and the costs of the action. The court found that the National Gas Company was not a corporation, at that time, but was used as a trade-name under which the defendant R. C. Simpkins conducted his business of supplying gas to said municipality, and that the said R. C. Simpkins was the sole owner of the business and of said pipe line and distributing system, and all property held under the name of the National Gas Company. The court further decreed a materialman's lien against said property in favor of the plaintiff and decreed a foreclosure of said lien, and ordered the sheriff to levy upon and sell according to law all casing, pipes, fixtures, machinery, and equipment of whatever kind or nature belonging to the defendants and used in said gas distributing system for the satisfaction of said judgment.

The judgment against the National Gas Company and C. D. Skirvin was by default, while the defendant R. C. Simpkins prosecuted his defense under a verified general denial, and the said R. C. Simpkins is the sole appellant from said judgment.

The defendant's main contention is: That the court erred in adjudging that the plaintiff had a lien on property of the defendant, since the whole proceeding of plaintiff was based on a claim of right of lien under statutes providing for lien on personal property, sections 11001, 11002, and 11004, O. S. 1931, whereas said claim should have been based on section 10977, O. S. 1931, if plaintiff was entitled to any lien at all.

The defendant Simpkins, operating under the above trade-name, which at one time was a corporation, but whose charter had been canceled, was the owner of the pipe line and distributing system involved. It is not entirely clear from the record whether C. D. Skirvin was a contractor or merely an employee of Simpkins, but it does appear that both Simpkins and Skirvin had

something to do with ordering the materials and that Simpkins knew that all the materials so furnished went into the project, and it also appears that Simpkins made certain payments on the account. Simpkins claims that he paid Skirvin for the materials used on the job, and that Skirvin failed to settle the account with the plaintiff. This is the cause of the controversy.

The fact that the plaintiff commenced the action within 60 days after furnishing the last items on the account removes all grounds for objections to the form of the claim filed, as it has been held by this court that the filing of an action upon such a claim is sufficient notice of the claim and renders the filing of the lien claim unnecessary; the rule being that when suit is filed for the foreclosure of the lien within the time prescribed by the statute for the filing of the lien claim or statement thereof, and such suit is regularly prosecuted, there is a substantial compliance with the lien statutes, and no other lien statement need be filed. Key v. Hill, 93 Okla. 64, 219 P. 308; Wass v. Vickery, 137 Okla. 52, 278 P. 336; Sutherland Lumber Co. v. Gale, 136 Okla. 233, 277 P. 242; Newman v. Kirk, 164 Okla. 147, 23 P.2d 163.

Under section 10977, O. S. 1931, if the defendant Simpkins paid Skirvin for said materials within the 60-day period without seeing to it that the materialman's claim was paid, he did so at his own risk, and such payment is no defense against the claim of the plaintiff.

There is some discussion in the briefs as to whether the pipe line and distributing system when completed was real or personal property. We do not consider that the distinction between real and personal property is in any way involved in this case. The statute gives the materialman, mechanic, or laborer a lien upon whatever interest or estate the owner thereof has in the property, whether it be a freehold or leasehold estate, or other estate less than a freehold. Continental Supply Co. v. Geo. H. Greenan Co., 140 Okla. 221, 282 P. 598; Jarrell v. Block, 19 Okla. 467, 92 P. 167; Block v. Pearson, 19 Okla. 422, 91 P. 714. But we do not find anything in the statute that would prevent the lien claimant from restricting his lien to the property actually constructed or repaired by his labor or material, and enforcing the lien against such property. This conclusion is based upon the provisions of section

10978, O. S. 1931, under which the plaintiff might have prosecuted his claim, which provides in part as follows:

"* * * and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found; and compliance with the provisions of this article shall constitute constructive notice of the lien claimant's lien to all purchasers and encumbrancers of said property or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

To hold that the lien claimant must enforce his lien against the owner's interest in the real estate in some instances would defeat the purpose of the statute, which is the protection of the materialman or laborer, as the case may be, as the real estate might be encumbered to such extent as to make it impracticable to enforce the lien against the property as a whole, and especially where the property would not sell for enough above such encumbrances to satisfy the claimant's lien.

We have considered the other contentions of the defendant, but do not consider them of sufficient merit to require discussion herein.

The judgment of the trial court is affirmed.

The matter of the supersedeas bond having been properly presented, judgment is hereby rendered upon same in favor of the plaintiff and against the maker and his sureties.

OSBORN. C. J., and RILEY, WELCH, PHELPS. HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and GIBSON, J., absent.