J. D. BLALACK and Nettie Blalack, Plaintiffs in Error,

v.

HOSHALL'S A & A PLUMBING CO., a corporation, Defendant in Error.

No. 37339.

Supreme Court of Oklahoma.

Oct. 15, 1957.

Claud Briggs, Oklahoma City, for plaintiffs in error.

Embry, Crowe, Tolbert & Boxley & Johnson, Oklahoma City, for defendant in error.

JACKSON, Justice.

Plaintiffs were the owners of a vacant building which contained no equipment or fixtures. On October 24, 1952, by written lease agreement, the building was leased to the defendants, Norman Swyden and Blanche Swyden, for a period of five years beginning October 1, 1952, and ending September 30, 1957. The lease provided that the lessees were to install fixtures and equipment for the purpose of conducting a restaurant business. By virtue of an oral agreement with the lessees, the defendant Hoshall's A & A Plumbing Company furnished material and labor for the installation of certain trade fixtures. The first such material and labor was furnished October 30, 1952, at which time the lease was in full force and effect. Soon after the completion of this work the lessees abandoned the lease and surrendered possession of the leased premises to plaintiffs. Thereafter plaintiffs instituted this action against the lessees to recover rentals due under the lease agreement and for foreclosure of their lien on the fixtures and equipment securing payment of said rents as provided in the lease agreement. This lease agreement was not recorded and, as pointed out above, the lessees were not in default at the time the defendant plumbing company's lien, if any, attached. The defendant plumbing company was joined as a party defendant because of its lien claim in the amount of $1,417.64. Plaintiffs thereafter filed a supplemental petition alleging that they had purchased all outstanding reservation title contracts, chattel mortgages and lien claims, except that of the defendant plumbing company; that they had possession of the fixtures and equipment, and prayed for foreclosure of all such liens.

The defendant plumbing company filed its answer and cross-petition within the time allowed for filing a lien statement, and

prayed for foreclosure of its lien. In this connection it should be noted that the defendant plumbing company specifically claimed a lien on the entire freehold estate, and did not in specific terms, assert a lien on the leasehold estate as such. Said defendants' theory in this respect was that the lessees acted as the agent of plaintiff lessors in contracting for the particular labor and material furnished. Thereafter on March 17, 1953, upon motion of plaintiffs, and without notice to the defendant plumbing company, the court rendered a judgment foreclosing plaintiffs' liens and ordering the sale of the fixtures and equipment. However, it was expressly ordered that the sale was to be "without prejudice to the rights asserted by Hoshall's A & A Plumbing Co. —." The property was purchased at the foreclosure sale by plaintiffs for $10,000, and the purchase price credited on plaintiff's judgment against the lessees.

Subsequently, on November 14, 1953, the case was tried on the issues between plaintiffs and the defendant plumbing company. It was the judgment of the trial court that the plumbing company had failed to prove the agency of the lessee, and, therefore, said defendant was not entitled to a lien against the real estate and that any claim or lien it had against the fixtures was inferior to the rights of plaintiffs.

Defendant plumbing company filed a motion for new trial, which was granted. Both parties waived the right to offer further evidence and resubmitted the case on the evidence previously introduced. Whereupon, the court vacated the prior judgment and entered a new judgment specifically finding that at the time defendant plumbing company furnished its labor and material the lease had not been terminated but was in full force and effect (to which plaintiffs excepted as being immaterial) and further found that the interim judgments were without prejudice to the rights of defendant plumbing company. The court then entered judgment establishing a lien on the proceeds derived from the sale in favor of the defendant plumbing company in the amount of $568.48, being its pro rata part of the proceeds based upon the proportion of its total account to the total indebtedness.

In the substitute judgment there was no specific finding as to the priority of the various liens. Plaintiffs failed to offer any evidence on this question. The evidence established that plaintiffs had acquired all outstanding lien claims, but there inheres in the judgment a finding that all such liens were only equal in priority to that of the defendant plumbing company.

From this judgment plaintiffs have appealed. The principal issues are as follows:

1. Does a mechanic's lien against a leasehold estate attach to trade fixtures, which by statute the lessee has the right to remove at the end of his term?

2. If this question is answered in the affirmative, was the trial court precluded from establishing a lien in favor of the defendant plumbing company as to such trade fixtures inasmuch as said defendant in its cross-petition claimed a lien on the entire freehold estate and never in its pleadings specifically claimed a lien on the leasehold estate as such?

3. If the defendant plumbing company was entitled to a lien on the trade fixtures was the evidence sufficient, on the question of what items were in fact fixtures, to support the particular judgment rendered as to amount?

First Issue: Will the lien attach to trade fixtures? Defendant plumbing company failed to prove that the lessees were agents of the lessors in contracting for the labor and material furnished by said defendant and failed to prove any other fact which would subject the freehold estate to its lien; therefore its lien if any, attached only to the leasehold estate. Deka Development Co. v. Fox, 170 Okl. 228, 39 P.2d 143, 144. The cited case holds that in such instance the mechanics' lien as provided in 42 O.S.1951 § 141 extends to the entire interest of the lessee in *all* the leased premises. In the third paragraph of the syllabus it is held:

"Where labor is performed and material furnished under contract with a lessee who is in possession of real estate under a lease with the owner, and it appears that such labor and material were for the alteration and repair of buildings and improvements located on said land at the time the contract was executed, the lien is upon the interest of the lessee in *all* the leased property."

██ If a particular item were affixed to a pre-existing building in such a manner as to become an integral part of the freehold and therefore *not* removable by the lessee the lien obviously would not attach to such item as the lessee would have no interest therein. It is also true that the lien would not attach to an item which was not affixed in some manner because the lien under consideration does not extend to items which are purely personal property. A trade fixture is an item used in connection with the lessee's business, affixed to the freehold but nevertheless removable by the lessee under authority of an express statutory provision, 60 O.S.1951 § 334.

There are cases from some jurisdictions, supported by textbook statements, holding that the statutory mechanic's lien will not attach to trade fixtures. The rationale of this view is that since these fixtures are removable by the tenant they remain personalty, even prior to removal, and, therefore, are not subject to the liens. Other States, including Oklahoma, have adopted a more realistic view holding that if the particular item is in fact affixed to the freehold, the tenant's right of removal, instead of operating to the detriment of the lienholder, enhances his position for the reason that the right of removal clearly establishes such items as part of the leasehold estate.

In Jarrell v. Block, 19 Okl. 467, 92 P. 167, it was contended that since the buildings and fixtures were personal property as between the lessor and lessee the mechanic's lien would not attach. In the syllabus this court held:

"Under the statutes of this territory, a mechanic's lien will attach in any proper case to a leasehold estate; and the fact that the tenant may have the right to remove his building, *fixtures*, and machinery from the leased premises instead of lessening the lien, or preventing it from attaching to the leasehold estate, will as we think, enlarge the lien, and enable the lienholder to obtain a greater interest in the leased premises. Neither will the fact that for some purposes, and under some circumstances, the buildings, *fixtures*, and machinery put upon the leased premises by the tenant may be considered as personal property, have the effect of preventing the lien from attaching."

The above case involved buildings and fixtures which were removable by express contract, but the fact that buildings were involved does not alter the situation as under certain conditions even a building may be removable as a trade fixture without express consent of the lessor. Kay County Co. Gas Co. v. Bryant, 135 Okl. 135, 276 P. 218. In National Gas Co. v. Ada Iron & Metal Co., 185 Okl. 415, 93 P.2d 529, 530, this court, in discussing the statute presently considered, said:

"There is some discussion in the briefs as to whether the pipeline and distributing system when completed was real or personal property. We do not consider that the distinction between real and personal property is in any way involved in this case. The statute gives the materialman, mechanic or laborer a lien upon whatever interest or estate the owner thereof has in the property, whether it be a freehold or a leasehold estate, or other estate less than a freehold."

In 42 A.L.R.2d 685, appears an Annotation on this subject. At page 692, the author says:

"There are several cases in which the fact that trade fixtures were re-

movable, or had not become a part of the realty caused the court to hold that a mechanic's lien would not attach to the leasehold. (Citing cases from Alabama, Missouri, Oregon and Pennsylvania).

"On the other hand, there are cases in which the fact that the fixtures had not lost their status as personalty, or that they might be removed, was noted by the court, which recognized the right to such a lien." (Citing cases from California, Kansas, Minnesota, Ohio and Oklahoma).

In Showalter v. Lowndes, 56 W.Va. 462, 49 S.E. 448, the court said:

"The almost universal rule now is that leasehold estates may be subjected to mechanics' liens, for the reason that they are interests in land, although they are personal property, and may be levied on and sold under execution. Section 17, c. 13, cl. 16, Code 1899; Donahue, Petroleum and Gas, 114; 20 Am. & En.En.Law (2d Ed.) 301, 303, note 4. This is the gist of the whole question, and is in effect that, if a leasehold estate is subject to a mechanic's lien, then any structure that becomes a part of such estate or interest in land is likewise subject to such lien, although it may be treated for other purposes as personal property. * * * From an examination of the foregoing authorities, it is perfectly plain that the word 'interest' covers all leasehold estates, although chattels, real or personal property; and the word 'structure' includes any structure that enters into, benefits, and enhances the value of the particular interest to which it is attached. * * *."

As hereinabove pointed out the case of Deka Development Co. v. Fox, supra, holds that the lien attaches to the interest of the lessee in *all* the leased premises. This clearly means that the lien may extend to more than the naked lease.

The fallacy of the view denying a lien on trade fixtures results from concluding that the right of removal as between the landlord and tenant irrevocably characterizes such fixtures as personalty as to the entire world. But as pointed out hereinabove the statutory right of removal is the exception to the general rule and was enacted for the purpose of preventing a lessee from losing property at the end of his term, which property was necessary to carry on his business, when the removal could be effected without damage to the lessor and prohibiting such removal would merely create a windfall for the lessor.

In 36 C.J.S. Fixtures § 37, p. 972, it is said:

"The question frequently arises whether fixtures, which are removable by the tenant who has annexed them, are, *before* removal, to be regarded as part of the realty or personalty. * *. Frequently, where their precise legal character is not in issue, the courts speak of such fixtures as being personalty, and without discussion of the question, apparently considering that this status necessarily follows from the fact that they are removable. * * *. Strictly speaking, it would seem that removable fixtures, like other fixtures, are part of the realty until removed; the right to remove them existing in the tenant's favor apart from, and independently of, his unquestioned right to remove any article which, although on the land, has not become a part thereof for any purpose, that is, which is a mere personal chattel. The view that removable fixtures are chattels seems incompatible with the rule, hereinafter discussed in § 41, that the tenant loses his right to remove fixtures, but not mere chattels not constituting fixtures, if he fails to remove them from the leased premises within the proper time. * * *."

We conclude that the lien of a mechanic furnishing material and labor to a lessee for the alteration or repair of the leased premises extends to trade fixtures.

Second Issue: The defendant plumbing company did not specifically claim a lien on the leasehold estate. Under the facts of this case we are of the opinion that this did not prevent the trial court from establishing such a lien in favor of said defendant. The plaintiffs joined the defendant plumbing company for only one purpose and that was to litigate the lien claim of said defendant as to the fixtures and equipment. Plaintiffs were not seeking to quiet title to their real estate, on which said defendant subsequently claimed a lien. The defendant plumbing company was brought into court for the express purpose of determining the priority of its claimed lien on the fixtures. This being so, the mere fact that it claimed a lien on all the real estate and only proved a lien on part of the real estate; that is, the leasehold estate, did not operate to its prejudice. In plaintiffs' reply to defendant's answer and cross-petition they specifically alleged that their lien was superior to any lien asserted by the defendant plumbing company. This clearly could only refer to liens on the fixtures, as plaintiffs claimed a lien on nothing else. Furthermore, it was stipulated in the pre-trial order as follows:

"Principal question for determination:

"Does Hoshall have a lien upon plaintiffs property or any of the improvements placed thereon, and amount, if any."

Whitfield v. Frensley Bros. Lumber Co., 141 Okl. 44, 283 P. 985, 989, involved a similar fact situation. The plaintiff, Frensley Bros. Lumber Co., persisted in their claim of a lien to all the freehold estate during the entire trial. The pertinent facts are set out in the opinion as follows:

"After the verdict was returned, plaintiff waived personal judgment against defendant Deaton, but insisted upon its right to a lien upon the land and improvements upon the theory that defendant Whitfield was the real owner of the land and that Deaton held the legal title merely for Whitfield. The court rendered a personal judgment in favor of plaintiff against defendant Whitfield and made a finding that at the time of the commencement of the improvements the land was vacant property and that Whitfield held a lease thereon, and that regardless of plaintiff's right to a lien upon the land it was entitled to a lien upon the improvements * * *. A lien upon the land was denied. * * *."

The owner of the land appealed and assigned this finding as error. The argument for reversal in that case was different than in the instant case, but the court did approve the finding despite the materialman's continued insistence on his right to a lien on the entire freehold estate.

While the instant action was pending plaintiffs obtained an ex parte judgment permitting them to foreclose their lien on the fixtures. Plaintiffs contend that the wording of this judgment enhances their position as to the issue under present consideration in that it refers to the defendant Hoshall's claimed lien on the real estate without referring to its claimed lien on the leasehold estate or the fixtures, but the Journal Entry confirming the sale contains the following order:

"It Is Further Ordered and Adjudged that this judgment be and the same is entered without prejudice to the rights of Hoshall's A & A Plumbing Company, and the Plaintiffs, or either of them, in the action in Cause No. 129,671 pending in this court, or to any defenses Plaintiffs may have to either."

Since this judgment related only to the disposition of the fixtures, it would seem to show an intent to preserve defendant plumbing company's rights, if any, in the fixtures; otherwise there would have been no purpose or necessity for mentioning said defendant in this particular judgment.

Plaintiff argues that they were prejudiced in that had they known defendant claimed a lien on the leasehold estate they

would have proved that they were the owner of prior recorded lien contracts on all the fixtures. Suffice it to say on this point that after the court granted a new trial to defendant plumbing company, and when the case came on for hearing, plaintiffs waived the right to offer additional evidence and agreed that the case could be tried on the evidence previously introduced. This stipulation and the substitute findings and judgments were all included in the same Journal Entry.

Third Issue: Having concluded that defendant plumbing company was entitled to a lien on the leasehold estate and that such lien extended to those trade fixtures removable by the lessees, we must determine if the evidence was sufficient, on the question of what items were in fact fixtures to support the particular judgment rendered as to amount.

It appears from the record that the court in effect allowed a lien in favor of defendant plumbing company as to everything that was on the leased premises. The evidence does not disclose with certainty just exactly what items were on the premises, and to this extent the plumbing company failed to prove that it was entitled to a lien on everything. In fact the plaintiff's pleadings and the interim foreclosure proceeding, though not necessarily binding on defendant plumbing company, tend to show that many items were purely personal property which could not be affixed to the real estate in any manner and therefore could not be subject to such lien. In this connection we mention cooking utensils, dishes, tables and chairs. The proof was sufficient as to certain items to establish the same as fixtures, but as to other items the evidence as to the degree of attachment is not so clear. There is very little argument in the briefs on the question as to what items were attached to the real estate and the legal question of the degree of attachment necessary was not briefed.

Furthermore, in view of the fact that the record fails to show the sale price or value of each particular item it would serve no useful purpose for this court to enumerate which items were and which were not fixtures. We would still be unable to determine what portion of the total sale price should be impressed with a lien in favor of the defendant plumbing company. Therefore, we are of the opinion that this cause should be remanded for a new trial to determine the specific items which were affixed to the building and which were not. It will then be necessary for the trial court to reduce the amount of defendant plumbing company's lien on an equitable basis considering the particular items which were not affixed and their value or initial cost in proportion to the value or initial cost of the other items.

In determining what items were affixed so as to be subject to said defendant's lien, we are of the opinion that a liberal rule should be allowed in favor of the mechanic to carry out the obvious purpose and intent of the mechanics' and materialmen's lien statute.

The record does not disclose which if any of the particular fixtures were subject to reservation title contracts on chattel mortgages, and does not disclose when each item was placed on the premises relative to the time of defendant plumbing company's work or whether said lien contracts, if any, were filed of record. In view of this we do not pass upon the questions that would or might be presented if such facts were before us.

The judgment is reversed and the cause remanded to the District Court for a new trial in accordance with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and WILLIAMS and CARLILE, JJ., concur.

DAVISON, JOHNSON and BLACKBIRD, JJ., dissent.