Norman W. HORTON, Plaintiff in Error,

v.

WACHTMAN DRILLING COMPANY, a partnership, Defendant in Error.

No. 40157.

Supreme Court of Oklahoma.

Oct. 8, 1963.

Frank T. McCoy, Robert P. Kelly, Lee W. Cook, Pawhuska, for plaintiff in error.

John W. Tillman, Fred A. Tillman, Don Hampton, Patrick A. Williams, Pawhuska, for defendant in error.

IRWIN, Justice.

Wachtman Drilling Company, a partnership, referred to as plaintiff, commenced an action against Norman W. Horton, referred to as defendant, to recover a personal judgment and to establish and foreclose a lien upon an oil and gas lease owned by defendant. The jury returned a verdict for plaintiff and judgment was entered thereon. Defendant appeals from the order overruling his motion for a new trial.

## PLEADINGS

Plaintiff alleged two causes of action in its first petition for certain labor, services and materials furnished on the oil and gas lease between September 17, 1960, and November 16, 1960, and the trial court sustained defendant's demurrers to both causes. Plaintiff then filed an amended petition and defendant filed demurrers thereto on the grounds that (1) plaintiff had no legal capacity to sue, (2) the court had no jurisdiction of the subject matter, and (3) the petition did not state a cause of action. The trial court overruled defendant's demurrers and on April 12, 1961, defendant filed his answer in the form of a general denial and a cross petition. In his cross petition, defendant alleged plaintiff undertook to perform the contract but was negligent in directing the work on the oil and gas lease and the well was lost and that he was entitled to recover the sum of $9,247.35 and costs.

On November 27, 1961, defendant filed an amended answer without permission of the court and alleged that plaintiff was a fictitious partnership and had not complied with the fictitious partnership statutes (Title 54 O.S.1961 §§ 81 and 83), and was not entitled to maintain the action and moved the court to dismiss the cause. A copy of the amended answer was served on plaintiff's attorney together with a notice that the same would be heard on December 4, 1961.

On December 4, 1961, plaintiff filed its motion to strike the amended answer on the grounds it was purely dilatory being filed approximately 8 months after the original answer and without permission of the court or agreement of counsel. On December 4, 1961, the trial court sustained the motion to strike the amended answer and on the same date defendant filed a motion for leave to amend his answer. Leave to amend the answer was denied and the cause proceeded to trial on December 11, 1961.

The facts surrounding the contract to furnish labor, services and materials on defendant's oil and gas lease, and the facts concerning the completion of the contract will be set forth only in so far as necessary to determine the several specifications of error presented by defendant in this appeal.

## PROPOSITION I

Defendant contends the trial court erred in overruling his demurrers to plaintiff's amended petition because said petition entirely superseded the original petition and there were no copies of the lien statements

or the itemized exhibits attached to the amended petition; and, that the amended petition disclosed on its face that plaintiff was a fictitious partnership but contained no allegations of compliance with the fictitious partnership statutes, and plaintiff had no legal capacity to sue.

 In considering the failure to attach the lien statements to the amended petition, we find that they were attached to the original petition. Although the lien claims were not manually attached to the amended petition and the amended petition did not refer back to or make the original petition a part thereof, it was alleged the lien claims were attached to the amended petition and made a part thereof. Plaintiff was granted permission to attach the lien claims to its amended petition during the trial. We have repeatedly held that it is within the sound discretion of the trial court to grant or refuse amendments to pleadings, especially where they do not change the cause of action or defense, and in the absence of abuse of this discretion, the ruling of the trial court will not be disturbed on appeal. See Magnolia Petroleum Co. v. Galloway, 183 Okl. 432, 83 P.2d 174. We can only conclude that if the trial court erred in overruling defendant's demurrers on this ground, such error was harmless because permission was granted to attach them to the amended petition and we find the trial court did not abuse its discretion in this regard.

 In considering plaintiff's failure to allege compliance with the fictitious partnership statutes, we find at the time defendant's demurrers to the amended petition were overruled, defendant had not placed in issue the failure to comply with the fictitious partnership statute. The first time this issue was raised was in defendant's answer filed on November 27, 1961, which was stricken by the trial court on motion of the plaintiff. In Fitch v. Braddock, 93 Okl. 78, 219 P. 703, we said:

"* * * This court has in a number of cases held that a non-compliance with the statute requiring partnerships to file a certificate giving the names of their partners is a defensive matter, and must be raised by some pleadings. *It not being necessary for the plaintiff to allege and prove that it has complied with such statutes, as the law presumes that he has complied with it, and it is a matter purely defensive.* * * *" (emphasis ours)

In the case of Magnolia Petroleum Co v. Galloway, supra, we held:

"A defendant should object to the maintenance of an action by a fictitious partnership which has failed to file the certificate disclosing the names of the various partners as required by sections 11662, and 11664, O.S.1931, 54 Okl.St.Ann. §§ 81, 83, in the answer or some amendment thereto."

The statutory provisions referred to are Title 54 O.S.1961 §§ 81 and 83.

Since defendant had not raised the non-compliance with the fictitious partnership statute issue when the trial court overruled his demurrers to plaintiff's amended petition, we hold the trial court did not err in overruling the demurrers.

## PROPOSITION II

Defendant contends the trial court erred in striking his amended answer and denying his motion to re-file his amended answer, which contained the allegations that plaintiff had not complied with the fictitious partnership statute.

As set forth in the pleadings, defendant filed his answer on April 12, 1961, and after the cause was set for trial and without leave of court or agreement with plaintiff's counsel, the defendant filed his amended answer on November 27, 1961. The trial court sustained the motion to strike the amended answer and denied defendant's motion to re-file the amended answer.

 The fictitious partnership statute is strictly defensive in nature and may be pleaded as an affirmative defense where

compliance is not had or it may be waived, at the option of the defendant. See Magnolia Petroleum Co. v. Galloway, supra, and Slaten v. No. 8 Thresher Co., 136 Okl. 298, 277 P. 658.

The Magnolia Petroleum Case, supra, seems pertinent to the proposition under consideration. Therein the question as to non-compliance with the fictitious partnership statute was not raised until the day of trial and it was allegedly raised by a motion to dismiss, which was denied by the trial court after proof had been made as to the non-compliance. In the Magnolia case we said:

"Defendant next contends that the motion to dismiss should be treated as an amendment to the answer. This is likewise untenable. Assuming that the motion to dismiss is an amendment to the answer, the action of the trial judge in overruling the motion should be construed as a denial of the right to amend the answer.

"It is within the sound discretion of the trial court to grant or refuse amendments to pleadings, and in the absence of an abuse of this discretion the rulings of the trial court will not be disturbed. This rule has been so frequently pronounced by this court that the citation of authority is unnecessary. It cannot be said from the record that the rights of the defendant were prejudiced by the action of the trial court. It should be noted that the petition was filed over four months before the answer was filed, over seven and a half months before the reply was filed, and over eight and a half months before the trial. Throughout this entire time the records of the court clerk's office were available for inspection by the defendant. Defendant's delay in raising this affirmative defense until the day of trial strongly suggests a deliberate plan to force a delay in the trial by raising a new and different defense. While the policy of the courts in Oklahoma is to permit liberal amend-

ments of the pleadings, it is also their policy to prevent delay of the trial by belated amendment whereby the cause of action or its defense is materially changed. Particularly is this true, where, as in the instant case, the party seeking the amendment has had ample opportunity prior to the date of the trial to seek the fruits of the amendment.

"To delay the trial under the facts of this case by permitting such an amendment would but add substance to the not unfounded belief of many laymen that court procedure is encumbered with unnecessary delay."

We have carefully reviewed the record and we are unable to say the trial court abused its sound discretion in striking the amendment and denying the application to re-file the same.

PROPOSITION IV

Defendant contends the liens filed in the clerk's office were fatally defective and did not constitute valid liens and not admissible in evidence and also contained non-lienable items.

We find it unnecessary to determine whether the liens filed in the clerk's office were fatally defective for the reason we have heretofore held that where a laborer, mechanic or materialman files an action to establish and foreclose a lien in the county where the property sought to be charged is located, within the time prescribed by the statute for the filing of lien statements, and regularly prosecutes such action, there is substantial compliance with the lien statutes, and no other lien statement need be filed. See National Gas Co. v. Ada Iron & Metal Co., 185 Okl. 415, 93 P.2d 529; Key v. Hill, 93 Okl. 64, 219 P. 308; and Wass v. Vickery, 137 Okl. 52, 278 P. 336.

In the instant action, both plaintiff and defendant testified that the last work was performed on September 18, 1960, at which time the drilling rig was dismantled and removed from the premises. The action

to establish and foreclose the lien was commenced on December 16, 1960, which was within the four months period allowed by statute for filing the line. We therefore conclude there was substantial compliance with the lien statutes and plaintiff was entitled to the foreclosure thereof.

In this connection, defendant contends that the lien statements were introduced for the purpose of establishing the amount due and there was no other proof that plaintiff furnished all the labor and material set forth and claimed in the liens. We can not sustain this contention as the plaintiff introduced evidence concerning the number of hours the drilling rig and tools were used on the lease; the hours the men worked; the rental charged for fishing tools and the value of the equipment lost, which was in addition to the itemized list attached to the lien statement. The verdict of the jury is evidence that other evidence was introduced and considered by the jury as the jury did not find for the plaintiff the total amount claimed in its lien.

■ Defendant urges that the rental charged on the "fishing tools" is not a lienable item and cites Arkansas Fuel Oil Co. v. McDowell, 119 Okl. 77, 249 P. 717, which holds that one who rents "fishing tools" to the owner of an oil and gas lease, at a stipulated price per day, for the use of such tools on a "fishing job" is not entitled to a lien for the rental thereof.

The Arkansas case, supra, is no longer controlling on this specific question. In the later case of William M. Graham Oil & Gas Co. v. Oil Well Supply Co., 128 Okl. 201, 264 P. 591, we held to the contrary and overruled the Arkansas Fuel Oil Co. case on this particular point. In that case we held:

"* * * And in the case of materials, machinery, or supplies furnished, the lien attaches whether such commodities become a part of the leasehold as by consumption in use or annexation, or retain individuality and be capable of further use though such commodi-

ties be furnished for hire as in the case of drilling tools furnished to and used by the owner of the oil and gas lease or leases at a stipulated per day rate of rental. The case of Arkansas Fuel [Oil] Co. v. McDowell, 119 Okl. 77, 249 P. 717, to the extent of conflict herewith, is overruled."

In his reply brief, the defendant takes the position that the Arkansas Fuel Co. case, supra, is in point on this question because it was cited three times in the later case of Nemeroff v. Cornelison Engine Maintanance Co., Okl., 369 P.2d 604, and that the dissenting opinion in the later case relies on the Arkansas Fuel Co. case. What the defendant overlooks is the fact the Arkansas Fuel Co. case was not cited in the Nemeroff case on the particular question now under consideration. The question involved in the Nemeroff case was whether or not a lien would attach to a leasehold estate for work done off the leasehold premises in overhauling a drilling engine. We therefore conclude that the rental for the "fishing tools" was a lienable item.

## PROPOSITION V

■ Defendant contends the trial court erred in permitting plaintiff to introduce testimony defining the meaning of the expression "day work contract". The contention is made that a "day work contract" can only be explained by a resort to proof of the customary definition in oil field contracts and since plaintiff did not plead custom, it was error for the trial court to permit testimony concerning the meaning of the expression "day work contract".

In the itemized statement attached to plaintiff's amended petition, we find that plaintiff claimed payment for services rendered for 13 days while it "was on a day work contract". Also contained in the exhibit were the other charges made under the "day work contract". In plaintiff's answer to defendant's cross petition amendment to cross petition, plaintiff alleged it was "employed only on a day work basis".

The record does not disclose that defendant ever filed a motion or requested that plaintiff make its petition or the itemized statement attached thereto more definite and certain or requested an explanation of the meaning of the expression "day work contract".

When testimony was offered by plaintiff as to the meaning of the words "day work contract" and defendant objected, the defendant did not suggest to the court that the defendant was surprised; or that a continuance would be necessary to meet this unanticipated testimony; or that the defendant understood the expression to mean something different from that as explained by the testimony submitted on behalf of plaintiff. Nor does defendant, on appeal suggest a different meaning.

From our examination of the record we are unable to say that there was a variance between the pleadings and proof in reference to a "day work contract", and under the facts as presented in the record it does not appear that "day work contract" has a different meaning in the oil field industry than as testified to by the plaintiff. If it can be said that a definition of the term constituted an amendment to plaintiff's petition then it must be recognized that the use of the term "day work contract" in plaintiff's pleadings, without definition, would necessarily require that a definition be provided at the trial. If it can be said that plaintiff was permitted to prove "custom" without having plead the customary meaning of "day work contract", we are unable to say that the trial court committed error under the facts presented here. We think the defendant was at least put upon notice by plaintiff's pleadings; it does not appear that the defendant was surprised by the admission of this testimony; or the expression has another and different meaning; and a continuance was not requested in order to meet the so called "new issue". We are unable to find error on the part of the trial court in this connection.

Defendant's last specifications of error relate to the instructions given by the trial court. We have examined all the instructions and considered them together and they fairly present the law applicable.

Judgment affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.